# K. C. M. & B. R. R. Co. *v.* Ferguson, Admrx.

*Action against Railroad Company by Administratrix to Recover Damages for Alleged Negligent Killing of Intestate.*

1  *Trial and its incidents; when struck jury demanded, parties entitled to have competency of jury ascertained.*—In the trial of a civil case, where one of the parties demands a struck jury, and one of the juries in attendance has been asked by the court as to the competency of the several jurors composing it, and the court orders the sheriff to serve upon each of the parties a list of the twenty-four jurors in attendance upon the court, it is error for the court to refuse, upon the request of the party demanding a struck jury, to ascertain, by inquiry

[K. C. M. & B. R. R. Co. v. Ferguson, Admrx.]

of each of the jurors composing the other jury, whether or not any of them was interested in either of the parties to the suit, or related to any of the counsel of either party to the suit.

2. *Action for damages; when general affirmative charge properly refused.*—In an action against a railroad company to recover damages for the alleged negligent killing of plaintiff's intestate, where the evidence showed without dispute that the engineer in charge of the defendant's locomotive, that struck and · killed plaintiff's intestate, failed, after discovering the peril of the deceased, to reverse the lever, and there was other evidence from which it was open to the jury to infer that such failure was a negligent omission of duty, the general affirmative charge requested by the defendant was properly refused.

APPEAL from the Walker County Law and Equity Court.

Tried before the Hon. PEYTON NORVELL.

This action was brought by the appellee, Sarah Ann Ferguson, as the administratrix of the estate of John A. Wilson, deceased, against the Kansas City, Memphis & Birmingham Railroad Company, to recover damages for the alleged negligent killing of the plaintiff's intestate, the plaintiff claiming $20,000 damages.

The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff, assessing her damages at $3,106. The defendant appealed, and assigned as error the several rulings of the trial court to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & MORROW, for appellant.—The court erred in refusing to ascertain the competency of the jurors after the struck jury was demanded.—*K. C. M. & B. R. R. Co. v. Whitehead,* 109 Ala. 496; *Dothan v. Denson,* 72 Ala. 542; *Smith v. Kaufman,* 100 Ala. 409; *Davis v. Hunter,* 7 Ala. 137; *Calhoun v. Hannan,* 87 Ala. 277-284; *Birmingham Ry. Co. v. Ralph,* 92 Ala. 275-6; *Howell v. Howell,* 59 Georgia 145; *Temple v. Summer,* Smith, (N. H.) 232.

The court erred in refusing charge No. 1 requested by defendant (the general charge under 3rd count), page

33

69 of transcript.—*Richards' case,* 100 Ala. 365; *Robinett's case,* 132 Ala. 501; *Lee's case,* 92 Ala. 266-268; *Peters v. Southern Ry. Co.,* 135 Ala. 533.

No counsel marked as appearing for appellee.

DOWDELL, J.—The first question insisted on in argument by counsel for appellant, is one that was raised in the court below in selecting the jury for the trial of the case. This question cannot be better stated here, than by copying the statement as contained in the bill of exceptions, to-wit: "Before the trial of this cause began, the court called jury number 2 into the box, and ascertained, by inquiry of the jurors composing said jury number 2, that none of them were interested in the defendant, or related to the plaintiff or to counsel of either party to the cause. After this was done the defendant demanded a struck jury. The court then ordered the sheriff to serve upon each party a list of twenty-four jurors in attendance upon the court, and while these lists were being prepared and before such lists had been served upon either party, the defendant's counsel then asked the court to ascertain by inquiry of the jurors composing jury number 1, the only other jury in attendance upon the court, whether any of them were interested in the defendant, or related to the plaintiff, or related to any of the counsel of either party to the cause. The court declined to make such inquiry, and the defendant excepted to the action of the court in declining to inquire of said jurors composing said jury number 1 as to whether any of them were related to the plaintiff or to any of the counsel in the cause, and whether any of them were interested in the defendant."

Section 2656 of the Code, which provides for a struck jury, reads as follows; "In all actions triable by jury, either party may demand a struck jury, and must thereupon be furnished by the sheriff with a list of twenty-four jurors in attendance upon the court, from which a jury must be obtained by the parties or their attorneys alternately striking one from the list until twelve are stricken off, the party demanding the jury commencing; and the jury thus obtained must not be challenged for

any cause except bias or interest as to the particular case." No objection was made, to the defendant's demand for a struck jury, by the plaintiff, on the ground that it was not made in time, or for any other reason; the question presented must therefore be considered without reference to the timeliness of the demand. The simple question then is, did the court err in its refusal to make the inquiry as requested by the defendant? The inquiry which was requested by the defendant was limited to the ascertainment of whether any member of jury number 1 was interested in the defendant, or related to the plaintiff, or related to any of the counsel of either party to the cause, and the existence of either one of the facts, sought to be ascertained by the request made of the court, would constitute ground of challenge of a juror for cause under the statute. The request was made before the list of twenty-four jurors was furnished by the sheriff to the parties, as directed by the court.

If the request when made imposed a duty upon the court, the refusal of which involved the denial of a right to the defendant, then there was error. There is no statute that in terms requires the court to ask the jury whether any of them are disqualified or are subject to challenge for cause, but such a duty may exist independent of any express statutory requirement. In *Davis v. Hunter*, 7 Ala. 135, where a struck jury was demanded, it was said; "The defendant complains that the plaintiff was permitted to challenge several jurors for cause, previous to commencing the striking. This, we think, was proper enough, for it certainly cannot be supposed that he is obliged to submit his case to a prejudiced jury, because the other party thought proper to demand the privilege of having one struck. The list of jurors, from which the striking is to be made, must be composed of individuals who are not subject to any of the exceptions mentioned in the previous section." The exceptions referred to in the "Previous section," were similar to those now contained in section 5016 of the Code, giving grounds of challenge for cause. The relationship of the juror to either of the parties to the suit may be ascertained by interrogating the juror.—§ 5017 of the Code.

In *Dothan v. Denson*, 72 Ala. 543, it was said: "The

right of the parties to a jury free from bias or interest is not lost or subjected to chance or peril, because one party in the exercise of a legal right—exercised, it is presumed, that an impartial jury may be secured—demands a struck jury." "When the right is demanded, neither party—whether it is the party making the demand, or his adversary—is to be subjected to the hazard of being compelled to submit the issue to the verdict of jurors who may be of the regular panels in attendance upon the court, and yet subject to challenge because of bias or interest as to the particular case."

The right of the parties to have a list of twenty-four competent jurors, from which to obtain the struck jury, carries with it the right of investigation or inquiry for the purpose of ascertaining their competency. How is this right to be exercised? The statute says that where relationship is the disqualifying cause, it may be shown by inquiring of the juror himself. Who is to make the inquiry?

In *Kansas City, Memphis & Birmingham R. R. Co. v. Whitehead*, 109 Ala. 496, it was said by this Court, speaking through BRICKELL, C. J., "The rule prevailing in this State is that, before challenge, neither party has a right to interrogate a juror, to ascertain whether he is subject to challenge. Such interrogation is a departure from the course of procedure the law appoints, and must be generally speculative and inquisitorial. The presiding judge will at all times, by an inquiry of each of the panel, or of each juror proposed to be drawn, ascertain whether he has the requisite qualifications, or is subject to any of the challenges for cause protecting the parties against the presence of incompetent jurors, or of jurors who, by their relation to the parties or the particular cause are incompetent or disqualified. This is more appropriate, more orderly, and more promotive of the administration of justice, which would soon degenerate into a mere fishing procedure, wearying jurors, and needlessly consuming the public time." From this it is to be observed that the proper practice is for the court to make the inquiry, such as was requested in this case, and not the party. And if the court refuses to do so upon request, there is a clear denial of right to the party to pro-

tect himself against the hazard of submitting his cause to a prejudiced jury. As suggested by counsel in argument, it must frequently happen that one or the other of the parties and their attorneys do not know the jurors and do not know whether any of them are subject to challenge. How are they to ascertain the fact if the court refuses to make the inquiry, since they are not permitted to interrogate the jurors. It has been, we may say, the uniform practice in this State in the circuit and city courts, for the presiding judge to propound in each case to the jury, before the cause to be tried is submitted to them, the questions which the defendant's counsel asked the court to propound in this case. In its refusal to make the inquiry as requested, the court committed an error.

It is urged by counsel for appellee that, inasmuch as it does not appear from the record that any number of the struck jury which was obtained was subject to challenge, if there was error in the court's action, it was, at most, error without injury. The rule, however, is that where error is shown, injury is presumed to exist, unless the contrary clearly appears from the record. It does not appear from the record that all of the persons composing the struck jury were exempt from the disqualifications of interest or relationship, and this would have to appear to overcome the presumption of injury.

The defendant requested in writing the general affirmative charge, which was refused. The evidence showed without dispute that the engineer in charge of the defendant's locomotive, which struck and killed plaintiff's intestate, failed, after discovering the peril of the deceased, to reverse the lever; and there was other evidence from which it was open to the jury to infer that such failure was a negligent omission of duty. There was, therefore, no error in refusing the charge.

The only other question, insisted on in argument by counsel for appellant, relates to the ruling of the court in refusing the defendant's motion for a new trial. As the judgment appealed from must be reversed for the error pointed out, we will not consider the question or the motion for a new trial.

Reversed and remanded.

McCLELLAN, C. J., TYSON and DENSON, J.J., concurring.