# Billingsley *v.* Nashville, Chattanooga & St. Louis Railway.

*Damages for Crossing Injury.*

(Decided April 18, 1912.  58 South. 433.)

1. *Master and Servant; Negligence of Servant; Evidence.*—Where the complaint alleges that the injuries were willfully, wantonly and intentionally caused by defendant's servants while acting within the line and scope of their employment, and does not allege that they were so caused by defendant, proof of participation by defendant in such acts of the servant is not required.

2. *Railroads; Crossing Accident; Burden of Proof.*—Under sections 5474, 5476, Code 1907, a plaintiff makes out a prima facie case

[Billingsley v. Nashville, Chattanooga & St. Louis Railway.]

by showing an injury at such a crossing described, in a collision of two trains, and need not show negligence, as the burden was on the company to acquit itself of negligence.

3. *Same; Degree of Care Required.*—Under section 5474, Code 1907, the trainmen are charged with the highest degree of diligence to ascertain that the way is clear, and will remain so long enough to allow their train to cross in safety.

4. *Same; Instructions.*—A charge asserting that if those in charge of a railway train brought it to a full stop within 100 feet of the street car crossing, and if an approaching street car was more than 100 feet away, they might assume that the street car would be brought to a stop and not proceed until the way was clear, should have been qualified by the statement that if the circumstances indicated that the street car would not stop, those in charge of the train could not assume that it would, and it was error to give it in requested form, although section 5474, Code 1907, also requires that the street car be brought to a full stop.

5. *Same.*—An instruction that those in charge of a train approaching a street car crossing might assume that the approaching street car would be brought to a stop before going on the crossing, unless it reasonably appeared that this would not be done, was improperly given, since it did not require the jury to ascertain that the train was brought to a stop as required by section 5474, as they could not indulge such a presumption unless they themselves complied with the statute.

6. *Witnesses; Impeachment; Intoxication.*—Where the evidence is in conflict as to whether plaintiff was intoxicated at the time of the accident, it was competent in the issue of his condition to show that immediately after the action he was cursing and swearing in the presence of ladies; his intoxication having a bearing on his credibility as a witness.

7. *Evidence; Expert; Stopping Car.*—A witness not qualified as an expert is not competent to testify that there was plenty of time to stop an electric car before a collision.

APPEAL from Gadsden City Court.

Heard before Hon. J. A. BILBRO.

Suit by John C. Billingsley against the Nashville, Chattanooga & St. Louis Railway for personal injury. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The facts made by the complaint are that plaintiff was a passenger on a street car, operated by the Alabama City, G. & A. Ry. Co., and that he was injured in a collision by a train of defendant with the street car on which he was a passenger at a grade crossing.

Count 2 alleges the injuries to have been willful and wanton and intentionally caused by the defendant's servants or agents while acting within the line and scope of their employment.

The charges refused are as follows: To the plaintiff: (73) "The court charges the jury that if they are reasonably satisfied from the evidence that the defendant's servants or agents were guilty of any wantonness as charged in the complaint, then the jury may assess such punitive damages against the defendant as in their sound discretion they may deem necessary to make an example of the defendant and to deter others from such conduct in the future, not exceeding the amount charged in the complaint." (75) "The court charges the jury that if they are reasonably satisfied from the evidence that the defendant's servants or agents were guilty of wanton conduct as charged in the complaint, then, however wanton, willful, or intentional may have been the conduct of those in charge of the street car, such conduct can afford the defendant no defense in this suit." (77) "The court charges the jury that if they are reasonably satisfied from the evidence that the conduct of the servants of the defendant, while acting within the line and scope of their employment as charged in the complaint, was of such a nature as to warrant the infliction of punitive damages, then the jury may assess punitive damages against the defendant in this case."

The following charges were given for the defendant: (35) "The court charges the jury that if they find that the employees of the defendant in charge of the freight train caused the train to come to a stop within 100 feet of the street crossing, and if they further find that, while the train was standing within 100 feet of the crossing after having been so stopped, those

in charge of the said train saw the street car approach·
ing at a greater distance than 100 feet from the cross·
ing, then those in charge of the freight train had a
right to assume that those in charge of the street car
would come to a full stop within 100 feet of the cross·
ing, and not proceed until they knew the track was
clear." (66) "The court charges the jury that if they
find that the employees of the defendant in charge of
the freight train caused the train to come to a full stop
within 100 feet of the street car crossing, and if they
further find that this occurred while the approaching
street car was more than 100 feet from the crossing,
then those in charge of the freight train had the right
to assume that those in charge of the street car would
come to a full stop within 100 feet of the crossing, and
not proceed until they knew that the track was clear."
(69) "The court charges the jury that those in charge
of defendant's train had a right to presume that those
in charge of the electric car would bring it to a stand-
still before going on the crossing, and unless it rea-
sonably appeared that this would not be done, then
the defendant would not be guilty of negligence in
going on the crossing, and the verdict of the jury
should be for the defendant."

DENSON & DENSON, for appellant. Where the acci-
dent happened at a crossing in a collision between a
train and a street car, a person injured makes out a
prima facie case by showing the collision and injury,
and the burden is on defendant to acquit itself of neg-
ligence. The court therefore erred in charging to the
contrary.—Secs. 5474-76, Code 1907; *N. C. & St. L. v.
Wallace*, 164 Ala. 216; *So. Ry. v. Smith*, 163 Ala. 186;
*Carlisle v. A. G. S.*, 166 Ala. 598. The complaint al-
leges wantonness to the servants or agents of the de-

fendant within the line and scope of their employment, and there was no necessity for the evidence to show a participation by the defendant. It was error, therefore, for the court to so charge, and for refusing to give the charges requested by plaintiff attempting to correct this error of the court.—*B. R. L. & P. Co. v. Landrum,* 153 Ala. 203; *Freeman v. C. of Ga.;* 154 Ala. 621; *A. G. S. v. Jung,* 161 Ala. 467. Under these authorities, and numerous others, it will be seen that every action of the court in the trial of this case was erroneous.

WALKER & SPRAGINS and GOODHUE, BRINDLEY & WHITE, for appellee. No brief reached the Reporter.

ANDERSON, J.—While there was a conflict in the evidence as to whether or not the plaintiff was injured in the collision, yet, if he was injured, it was at a crossing, as covered by section 5474 of the Code of 1907, and section 5476 places the burden on the defendant of acquitting itself of negligence when an injury is inflicted at the place in question.—*So. R. R. Co. v. Smith,* 163 Ala. 186, 50 South. 390; *N. C. & St. L. Ry. Co. v. Wallace,* 164 Ala. 216, 51 South. 371; *Carlisle v. A. G. S. R. R. Co.,* 166 Ala. 598, 52 South. 341; *Weatherly v. N. C. & St. L. Ry. Co.,* 166 Ala. 584, 51 South. 959. The trial court in the oral charge, as well as by giving certain special charges, misplaced the burden of proof by requiring the plaintiff to show negligence on the part of the defendant. When the plaintiff proved an injury at the place in question, as a result of the collision, he made out a prima facie case, and the burden was on the defendant to show a compliance with the statutory requirements and to acquit itself of negligence.

The trial court, in the oral charge as well as by re-
fusing charges 73, 75, and 77, seems to have applied
the *Henry Case,* 139 Ala. 161, 34 South. 389, by requir-
ing proof of wantonness on the part of the defend-
ant as distinguished from its agents or servants in
charge of the train and while acting in the line or scope
of authority.   The wanton count in the case at bar is
unlike the count in the *Henry Case, supra,* which charg-
ed a corporate trespass.   Count 2 does not charge a
corporate act or a trespass, but charges willful or wan-
ton conduct on the part of defendant's   servants   or
agents while acting within the line or scope of their
employment.

The statute (section 5474 of the Code) not only re-
quires trains to come to a full stop within 100 feet of
the crossing, but also provides that they must not pro-
ceed until the trainmen "know" that the way is clear.
The defendant's servants were charged with the high-
est degree of diligence to ascertain that the way was
clear, and would remain so a sufficient length of time
to allow their train to pass the crossing in safety.—
*So. Ry. Co. v. Bryan,* 125 Ala. 310, 28 South. 445; *So.
Ry Co. v. Bonner,* 141 Ala. 529, 37 South. 702.

The trainmen on one road, however, who have com-
plied with the statute in approaching a crossing, may
assume that the trainmen on the intersecting road will
also .comply therewith, unless the .circumstances in-
dicated that the other train would not stop.—*R. & D.
R. R. Co. v. Greenwood,* 99 Ala. 501, 14 South. 495;
*Birmingham R. R. Co. v. Jacobs,* 101 Ala. 149, 13
South. 408.   Charges 35 and 66 given for the defend-
ant should have been refused, as they pretermit the
fact that the circumstances did not indicate that the
other train could or would stop.   In fact, it was stat-
ed in the *Greenwood Case, supra,* that an oral charge

[Billingsley v. Nashville, Chattanooga & St. Louis Railway.]

similar to these charges was made good because coupled with the further declaration that this presumption did not arise if the circumstances indicated that the other train would not stop.

Charge 69, given for the defendant, should have been refused also, for while it contains the vital proviso omitted from charges 35 and 66, it pretermits the assertion that the defendant had complied with the statute and which was a prerequisite to the right to indulge in the assumption that the other train would comply with the statute. This presumption arises only in favor of those who are not themselves at fault.—*L. & N. R. R. Co. v. Mosby*, 125 Ala. 341, 28 South. 43.

There was no error in permitting the defendant to prove that the plaintiff was cursing and swearing in the presence of ladies immediately after the accident. There was a conflict in the evidence as to whether or not the plaintiff was intoxicated at the time, and his conduct was an element to be considered by the jury in determining whether or not he was intoxicated at the time; and, if he was intoxicated, this fact would be a circumstance to be considered by the jury in weighing his evidence and in passing upon the accuracy of his statement and recollection as to what happened at the time of the accident.

The trial court should have sustained the motion to exclude the statement by the witness Tucker, "He had plenty of time to stop it before it got to us." It was not responsive to the question. Moreover, the witness did not qualify as an electric car expert.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.