# Reaves v. Maybank.

### Death From Automobile Collision.

(Decided April 8, 1915. Rehearing denied May 20, 1915.
69 South. 137.)

1. *Automobiles; Use of Highway; Care Required.*—While the public highways are open to the proper use of automobiles, the law exacts of the operator thereof a prudent and careful regard for the rights of others, and for others who are lawfully using the public highway, and the operator is only liable for the consequences of negligence in the operation of an automobile.

2. *Same.*—The care which an operator of an automobile on a public highway must exercise as to the rights of and to others lawfully using the way is the care a reasonably prudent man will exercise under like circumstances, since the operator of an automobile, and the pedestrian on the highway must each recognize the rights of the other and must each exercise reasonable care.

3. *Same.*—What is reasonable and ordinary care in the operation of an automobile on the public highway depends upon the circumstances of the particular case, for, as applied to the affairs of men, the terms "ordinary care" and "reasonable prudence" have only a

[Reaves v. Maybank.]

relative significance, and may not be arbitrarily defined, and when a given state of facts are such that reasonable men may differ as to the matter, the question becomes one for the jury to determine.

4. *Same; Injury to Pedestrian.*—Under the evidence in this case it was a question for the jury to determine as to negligence or wantonness in the operation of the automobile.

5. *Witnesses; Examination; Impeachment.*—In an action for negligent death by automobile, where defendant as a witness was confronted with a signed statement of his testimony before the coroner's jury, and admitted that his testimony was erroneous in one particular, and explained that he was excited at the time, it was proper to exclude a question to him by plaintiff calling him as a witness, "You are not responsible for what you were testifying before the coroner's jury."

6. *Evidence; Opinion.*—Where defendant, called as a witness by plaintiff, described with particularity the position of the child to the car at the time of and just before the accident, the overruling of a general objection to a question asked defendant as to whether there was time for him or his chauffeur to do anything after the child started across the road, was not erroneous, since the matter sought to be elicited was material, and one qualified to form an opinion may testify as to his conclusion in such circumstances.

7. *Trial; Reception of Evidence; Repetition.*—It is not error to reversal to sustain an objection to a question calling for testimony which has already been given by the witness.

8. *Charge of Court; Assuming Facts.*—An instruction which assumes as a fact a matter about which the evidence is conflicting is erroneous.

9. *Automobiles; Collision; Instruction.*—Where the action was for the death of a child struck by an automobile on a public highway, a charge that if the act of the child was such, when the car was approaching, as to indicate to a reasonably prudent man that the child realized the danger of being in the road, and the child got out of the road, the driver could presume that the child would remain out of the road, until the child's conduct was such as to indicate that it was about to return to it, or was likely to return to the road, was erroneous in failing to impose upon the driver of the automobile the degree of care required by the law.

10. *Same.*—Where, under the evidence it was for the jury to determine whether the care required by law was observed by the driver of the automobile when the condition out of which danger to the child arose, a charge that if the injury could not have been avoided by any act of the driver after the danger of the child became reasonably apparent, the jury must find for defendant, invaded the province of the jury to determine the presence of actionable negligence, and restricted the inquiry of negligence to a time and occasion subsequent to the time when the jury might have found that blame attached for a failure to observe the care required before danger became reasonably apparent.

11. *Same.*—A charge that if the action of the child was such when the car was approaching, as to indicate to a reasonably prudent man that the child realized the danger, and the child got out of the road, the driver might reasonably presume that the child would remain out of the road until its conduct indicated that it was about

to return to the road, predicated the right to presume that the child would keep out of the road upon the conduct indicating probable return to the actual driver of the automobile, and not to a reasonably prudent man under similar circumstances, and was properly refused.

12. *Appeal and Error; Harmless Error; Instruction.*—A charge which affirmatively misstates the measure of duty imposed by law upon a defendant, as a predicate for or against negligence, by reference to conduct or omissions hypothesized therein is prejudicial to the party affected thereby, and will bring about a reversal, notwithstanding Supreme Court Rule 45.

APPEAL from Talladega Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by G. W. Reaves against T. D. Maybank, for damages for the death of plaintiff's son caused by an automobile collision. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The following are the assignments of error referred to in the opinion:

(5)   Oral charge of the court: "If defendant or his chauffeur did what ordinarily prudent men would have done on this occasion, there was no negligence."

(7)   Written charge 2½ given for defendant: The court charges the jury that it was the duty of defendant to exercise reasonable care to avoid injuring deceased; that is, such care as a reasonably prudent man would exercise under the circumstances. If the driver of the car did exercise such a degree of care, and the injury resulted notwithstanding such care, defendant was not liable in this case.

(8)   In giving the jury charge B requested by the defendant: It was the duty of defendant and the driver of the car to act as a reasonably prudent man would have acted under the circumstances, and, if they did so act, the jury must find the issues in favor of defendant.

RIDDLE & BURT, for appellant.

KNOX, ACKER, DIXON & SIMS, for appellee.

McCLELLAN, J.—The automobile, a type of motor vehicle, is now a generally recognized means of conveyance of persons and things over the thoroughfares of this state. It is not in itself a nuisance; and, against its proper use or operation in the streets and highways of the state, the law, statutory or otherwise, raises no prohibition.

(1) The automobile being a convenient, appropriate, and recognized instrument of conveyance and transportation, the public ways are open to its proper use, just as they are open to the proper use of other appropriate and recognized means of conveyance. While the proprietor of the automobile is entitled to drive or to have it driven over the thoroughfares of the state, the law exacts of the operator of the machine in a public way a prudent and careful regard for the rights of others and for others who may be or who are lawfully using the public way. From the common right of use of the public ways, the automobile is not excluded; but, in the enjoyment of that right, prudence and care is exacted of the operator of such machines.

It necessarily results from the status made by the stated right to operate automobiles over the public ways that operators of automobiles in and over ways are only liable for the consequences of negligence in respect of the enjoyment of the common right hereinabove affirmed.—*McCray v. Sharpe,* 188 Ala. 375, 66 South. 441. A statement of the generally accepted doctrine thus approved in this jurisdiction will be found in 28 Cyc. pp. 25, 26, and in the cases thereon noted.

(2) The degree of care with respect to the rights of others and to others lawfully using the public way, due to be observed by the operator of an automobile in a public way, is that care a reasonably prudent man

would observe under like circumstances.—*McCray v. Sharpe, supra; Barbour v. Shebor,* 177 Ala. 304, 310, 311, 58 South. 276; 28 Cyc. pp. 27, 28. The rule is thus state in *Barbour v. Shebor, supra*: "The simple rule is that drivers on the streets and pedestrians, each recognizing the rights of the other, are required to exercise reasonable care."

The driving of an automobile on a public highway necessarily imposes upon the person in charge of its operation the duty of exercising reasonable care to avoid inflicting wrong and injury upon others who may lawfully be using the same highway.

In view of the thus established doctrine in this jurisdiction, it need hardly be said that the "highest degree of care" is not exacted of operators of automobiles on public highways in this state.

(3) While reasonable, ordinary care, as above set down, must be exercised, what consists on occassion with that requirement must vary with and must depend upon the circumstances of the particular case.—*McCray v. Sharpe, supra.*

"There is no fixed standard in the law by which a court is enabled to arbitrarily say in every case what conduct shall be considered reasonable and prudent, and what shall constitute ordinary care, under any and all circumstances. The terms 'ordinary care,' 'reasonable prudence,' and such like terms, as applied to the conduct and affairs of men, have a relative significance, and cannot be arbitrarily defined. What may be deemed ordinary care in one case may, under different surroundings and circumstances, be gross negligence. The policy of the law has relegated the determination of such questions to the jury, under proper instructions from the court: It is their province to note the special

circumstances and surroundings of each particular case, and then say whether the conduct of the parties in that case was such as would be expected of reasonable, prudent men, under a similar state of affairs. When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court."—*Grand Trunk Ry. Co. v. Ives,* 144 U. S. 408, 417, 12 Sup. Ct. 679, 682, 36 L. Ed. 485.

(4) The issues submitted to the jury were those made by the averments of counts 1 to 4, inclusive, and a general traverse of the averments of those counts. Two of these counts attribute the death of plaintiff's (appellant's) seven year old son to simple negligence, in the operation of defendant's (appellee's) automobile, in a public highway near Talladega, Ala.; and two of the counts attribute the child's death to willful or wanton omission or misconduct in the operation of the defendant's automobile on that occasion. These respective causes of the wrong charged are ascribed to the defendant himself, in two of the counts, and to the defendant's chauffeur, Smith, in the other two counts. And it may be pronounced at this point that, on the evidence in the record, it is too clear to admit of any doubt that the plaintiff was not entitled to the general affirmative charge on any one of the counts indicated.—*Grand Trunk Ry. v. Ives, supra.*

The defendant was in his 7 passenger automobile en route from Talladega to Anniston. Smith was driving; and the defendant was seated beside him. There

were several ladies occupying the rear seats in the car. As the car came over the crest of a hill, approximately 90 yards away from the place where the child was killed, the driver and the defendant observed 7 children, the oldest about 11 years of age, traveling or loitering in the public road. As the car came on toward them, the children, dividing, went to or about the margins of the road. The plaintiff's son either, as the plaintiff contended, undertook to run across the road in front of the approaching, unretarded and rapidly moving car, and was hit by it, or as the defendant contended, when the car was within about 10 feet of the point of collision, he started across the road, from a place of safety to which he had previously gone, seeing the car approaching, and himself ran into the fender some feet from its front line.

The errors assigned and argued relate alone to three rulings on matters pertaining to the evidence, to the instruction to the jury, and to overruling the motion for new trial.

(5) There is no merit in assignments 23 and 4, based upon rulings touching the examination of witnesses. The first complains of the court's action in sustaining the defendant's objection to the following question, propounded by plaintiff's counsel to the defendant, whom the plaintiff called as his witness: "You are not responsible for what you were testifying before the coroner's jury?" The question called for no fact. If anything, pertinent to the issues involved, it sought an expression of the witness' opinion as to his accountability. Otherwise he had been confronted with the signed statement in his evidence given before the coroner and had testified that it was erroneous in one particular. He offered the explanation that the occasion of his

explanation before the coroner was two days after the tragedy, and that he was then excited.

(6)   The next assignment in this category is predicated of the court's action in overruling the plaintiff's objection to this question, propounded for the defendant on the cross-examination of the defendant, who was introduced as a witness by the plaintiff, viz: "Was there time for you or the chauffeur to do anything at all after the boy started across." (the road) ? The witness had described, with particularity, the relative positions of the child and the car at the time of and just before the collision.   When the child started across the road from a place outside of the sweep of the moving machine( as that act of the child was related to the then distance of the car from the point of the collision), was, of course, an important element of the inquiry instituted by the issues made by the pleadings.   The chief idea carried by the quoted question, propounded by the defendant's counsel on cross-examination, was of time —of space of time intervening between the moment the child started across the road and the moment when the collision with the car occurred. And this predominating idea, carried by the question, was immediately allied with the further idea of comparison between the length of time in which preventive means might have been employed and the time intervening between the moment the child started across the road and the moment of collision with the car.   Hence the question sought an opinion or a conclusion from the witness on his cross-examination.

.  No particular or even general ground of objection appears to have been stated by the objector.   The matter sought by the question was material and relevant to the issues.   Undoubtedly one qualified to form an opin-

ion in the premises might have been permitted to testify to a conclusion like that sought by the question.— *Billingsley v. N., C. & St. L. R. R.,* 177 Ala. 342, 58 South. 433; *A. G. S. R. R. Co. v. Linn,* 103 Ala. 134, 15 South. 508; *B. R. L. & P. Co. v. Hayes,* 153 Ala. 178, 44 South. 1032; *Choate v. Southern Ry. Co.,* 119 Ala. 611, 614, 615, 24 South. 373.

(7) The last subject of complaint in respect of the examination of the witnesses is the action of the court in sustaining the defendant's objection to the question, propounded by the plaintiff to the defendant, whom plaintiff introduced as his (plaintiff's) witness: "You knew, when you went over the hill, if you undertook to turn it might not turn?" The substance of the relevant matter called for by this question had already been given in evidence by the testimony of the witness on his previously conducted redirect examination of the plaintiff.

The report of the appeal will contain the matters made the basis of the complaint in assignments numbered 5, 7, and 8. Reference to the rules in such circumstances restated in this opinion (ante), will disclose the fact that the just indicated subjects of complaint are not affected with error. In those instances the trial court conformed to the pertinent doctrine established in this jurisdiction.

(8, 9) The court gave to the jury, at the request of the defendant, the following special charge numbered 1½: "If the action of the deceased child was such, when the car was approaching and the horn blown, as to indicate to a reasonable and prudent man that the child realized the danger of being in the road, and the child did then get out of the road, the driver might reasonably presume it would remain out of the road,

until its conduct was such as to indicate that it was about to return to the road."

This instruction is faulty in the particular that it assumes that the horn was blown as the car approached the place of injury. The evidence as to the blowing of the horn was in dispute. It is ever error to give a charge that assumes as true a material matter upon which the evidence is in conflict.

Again, if the charge had substituted for the words "reasonable and prudent man," and also interpolated after the word "indicate," in the last sentence of the charge, the words "to a reasonably prudent man," it would have expressed a sound legal principle applicable to, at least, a phase of the evidence in this case, and so even if the allusion to the blowing of the horn had been omitted, for the charge otherwise comprehends a statement of the effect of all that a warning in that connection, with the horn, could have accomplished.

According to the degree of care exacted of operators of automobiles on the highways, as it has been stated above herein, the charge is subject to the criticisms indicated by the changes we have just suggested. The basis for the presumption the charge would avail of is a reasonable, natural deduction from the facts and acts hypothesized in the charge.

The court erred in giving at defendant's request special charge numbered 1½.

(10)  The court gave to the jury, at the request of the defendant, the following instruction, lettered C: "If the injury could not have been avoided by any act upon the part of the defendant or of the driver of the car after the danger of the deceased became reasonably apparent, the jury must find the issues in favor of the defendant."

.Appellee relies upon the decision in *L. & N. R. R. Co.
v. Brinkerhoff,* 119 Ala. 606, 24 South. 892, treating
charge 5, as sustaining the correctness of the instruc-
tion above-quoted. The decision relied on was modified,
in the presently pertinent particular, on rehearing in
the case of *Central of Georgia Railway Co. v. Brister,*
145 Ala. 432, 434-436; 40 South. 512.

The effect of charge C, when considered in the light
of the conflicting evidence on issues to which it must
have been accorded necessary reference, was to invade
the jury's province to determine, under the whole evi-
dence, the presence vel non of negligence, or of the more
aggravated wrong, preceding the time when "the danger
of the deceased became reasonably apparent."

In view of the circumstances known to the driver,
Smith, and to the defendant, it was for the jury to de-
cide whether the degree of care we have before defined
was observed by those in charge of the car at a time
when the conditions out of which danger to the child
soon but later arose, whether the speed of the car was,
under the circumstances, within the degree of care due
from the operator or from the defendant to the child.
whether the car's course in the road was charted as
the requisite degree of care exacted, whether it was
driven, with rapidity, so near to the child on the left
side of the road, when it might have been, with safety,
directed further away in the highway, as to infract the
dictates of ordinary care, the prudence the ordinarily
prudent man would have observed under the same cir-
cumstances.—*Cedar Creek Co. v. Steadham,* 187 Ala.
622, 65 South. 984. This charge unduly restricted the
inquiry, for the jury to resolve, to a time and an oc-
casion subsequent to a time when the jury might have
found culpability had attached by reason of a failure;

conscious or unconscious, to observe the care required even before the danger itself became reasonably apparant. It was hence not merely misleading. It was affirmatively faulty as invading the jury's province.

Because of the commission of the two errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

### ON REHEARING.

McCLELLAN, J.—It is insisted, in support of appellee's application for rehearing, that our judgment is at fault in entering a reversal of this appeal. The earnest argument for the applicant has been carefully considered, and the bases of our conclusion to a reversal have been reconsidered in the light of that argument.

(11) Instruction 1½, copied in the foregoing opinion, is an accurate reproduction of that numbered instruction as set forth in the bill of exceptions, though in the recital of the given instructions in the transcript preceding the bill of exceptions that instruction does not contain the word "and" between the word "reasonable" and the word "prudent." If the instruction (1½) should be taken as corrected by the elimination of the word "and," the ground of our conclusion that the charge is affected with grave fault would not be removed. As framed and phrased, it would justify reliance upon the hypothesized acts of the child until its conduct was such as to indicate to that driver that the child was about to return or was likely to return to the road (to a place of danger before the approaching car), whereas the only standard of duty recognized

40—193

and fixed by law, as determining the propriety vel non of conduct or omission, is that of the reasonably prudent man likewise circumstanced and likewise advised.—*L. & N. R. R. Co. v. Holland,* 173 Ala. 675, 688, 55 South. 1001; *L. & N. R. R. Co. v. Young,* 153 Ala. 232, 236, 237, 45 South. 238, 16 L. R. A. (N. S.) 301.

(12) A charge which affirmatively misstates the measure of duty as a predicate for a declaration for or against negligence by reference to conduct or omission hypothesized therein, is necessarily seriously prejudicial to the party affected or concluded thereby; and rule 45 (61 South. IX) of our practice cannot avail to avert a reversal in the ordinary case. We cannot assume in this case, as counsel insist, that the objectionable feature of this charge was without wrongful or prejudicial effect upon the minds of the jury. It must be taken to have produced the impression its terms naturally import; and, when so read, it determined the measure of duty, and, in consequence, exoneration from negligence under the facts hypothesized, by reference to the judgment of the individual charged rather than with reference to the standard fixed by law.

A reconsideration of charge C has not convinved us that our view is laid in error.

The application for rehearing must be overruled.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.