(91 South. 779)

### LOUIS PIZITZ DRY GOODS CO. v. CUSIMANO. (6 Div. 146.)

(Supreme Court of Alabama. Oct. 27, 1921. Rehearing Denied Nov. 17, 1921.)

**1. Municipal corporations ⬅706(1) — Complaint charging that defendant's agent caused automobile to run over plaintiff on highway held sufficient.**

Count alleging that defendant's servant, while acting in the line and scope of his authority, negligently caused an automobile to run over plaintiff upon a public highway, and that plaintiff was injured as a proximate consequence of such negligence, *held* to state a cause of action.

**2. Municipal corporations ⬅706(1) — Count held sufficient to allege that plaintiff was struck by defendant's automobile.**

Count alleging that defendant's servant "while acting in the line and scope of his authority, as such servant or agent, wantonly and willfully injured the plaintiff by causing an automobile to run over, upon or against him, and as a proximate result plaintiff suffered the injuries," etc., *held* to state a cause of action as against contention that the word "him" referred to the agent and not the plaintiff, in view of other averments making it apparent that it was plaintiff that was run over.

**3. Pleading ⬅34(1) — Count construed as a whole.**

In ascertaining meaning of words used in a count, the count must be construed as a whole.

**4. Negligence ⬅112—Count held to charge willful or wanton injury by automobile.**

Count alleging that defendant's servant, while acting within the scope of authority, "wantonly and willfully injured the plaintiff by causing an automobile to run over, upon, or against him," and that as a proximate result thereof plaintiff was injured, *held* to state a cause of action for willful or wanton injury.

**5. Pleading ⬅48—Count should allege facts briefly in intelligent form.**

Under Code 1907, § 5321, a count should allege facts briefly in such intelligent form that a material issue can be taken thereon by the defendant.

**6. Trial ⬅143—Refusal to direct verdict proper where evidence was conflicting.**

Where there was positive conflicting testimony from which conflicting inferences could be drawn, refusal to direct a verdict was proper.

**7. Evidence ⬅553(2) — Hypothetical question should be framed on the evidence, but not necessarily all thereof.**

A hypothetical question should be framed on sufficient evidence to enable witness to form an opinion shedding some light on some issue, but need not embrace all the evidence, since adverse party can supply evidence not embraced in question on cross-examination.

**8. Evidence ⬅553(1) — Sufficiency of hypothetical question discretionary with court.**

The sufficiency of the form and substance of a hypothetical question rests largely in the sound discretion of the trial court.

**9. Appeal and error ⬅971(1)—Ruling on hypothetical question not disturbed in absence of abuse of discretion.**

Ruling on hypothetical question will not be held ground for reversal in the absence of abuse of discretion.

**10. Trial ⬅253(4)—Instruction ignoring issue properly refused.**

In action for injuries to child struck by defendant's automobile, instruction that defendant was not liable if the child ran into the path of the automobile in such manner that defendant's agent by the use of reasonable care could not have avoided the collision *held* properly refused for failure to embrace issue as to whether the agent was driving at an excessive rate of speed at the time of the accident.

**11. Trial ⬅240 — Argumentative instruction properly refused.**

In action for injuries to child struck by defendant's automobile, instruction that defendant was not liable if its agent could not, in the exercise of reasonable prudence, have foreseen that the child would suddenly run into the path of the automobile, *held* properly refused as argumentative.

**12. Negligence ⬅85(3)—Child under six years old not capable of negligence.**

A child under six years of age is conclusively presumed to be incapable of contributory negligence.

**13. Trial ⬅267(1)—Court must give or refuse requested charge in terms in which it is written.**

The court cannot qualify requested charge, but must give or refuse charge in the terms in which it is written.

**14. Trial ⬅267(3)—Instruction defining term held not objectionable as a qualification of the written request.**

Under Code 1907, § 5364, as amended by Acts 1915, p. 815, the court in giving defendant's requested charge, "If you believe from the evidence in this case that plaintiff's injuries resulted from an unavoidable accident, your verdict should be for the defendant," did not err in defining an "unfavorable accident"; such definition not constituting a qualification of the charge as requested.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**15. Municipal corporations ⬤⟿706(8)—Refusal to charge that automobile driver could presume that no person would suddenly run into path of automobile held error.**

In action for injury to child struck by defendant's automobile after running into street in path of the automobile while playing with other children in lot, in which there was evidence that the automobile driver could not see children playing in lot because of large signboard, and that, though he had used such street for years, he had never seen children playing thereon, and that the child suddenly ran in front of the automobile from behind the signboard, refusal of requested charge that the driver, if otherwise free from negligence, had a right to presume that no person would suddenly run into his line of travel, *held* error, under Code 1907, § 5364, as amended by Acts 1915, p. 815.

**16. Jury ⬤⟿87(1)—Employés or persons interested in casualty company insuring defendant not qualified.**

In action for injuries to child struck by defendant's automobile, persons interested in or employed by a casualty insurance company directly or indirectly interested in the result of the suit, though not a party thereto, would not be qualified to sit as jurors, and would be subject to challenge for cause, under Code 1907, §§ 4635, 7276.

**17. Appeal and error ⬤⟿922, 1045(1)—Action of court in qualifying prospective jurors as to interest in insurance company held not reversible; presumption of good faith obtaining.**

In action for injuries to a child struck by defendant's automobile, action of court in qualifying prospective jurors as to whether they were interested or employed by casualty company not a party to the action *held* not ground for reversal, in absence of showing that it was done in bad faith; it being presumed, in the absence of a showing to the contrary, that it was done in good faith.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by Tony Cusimano, by next friend, against the Louis Pizitz Dry Goods Company, a corporation, for damages for personal injuries suffered in an automobile accident. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

O. P. Perrshall, having qualified as an expert witness, was asked the following question:

"Assuming that a Ford truck is in good condition, and the brakes in good condition, running along a street, graveled street, without holes in it, and the brakes are in good condition, been tested that morning, and you are driving 10 miles an hour, how long, how far, or what distance will it take to stop that Ford truck under these conditions and circumstances, if you set the foot brakes, with the force that an experienced man, who has been driving cars four years, would use, or by just putting on your foot brakes to stop the car, in what distance would you stop it, under those conditions and circumstances?"

Also the following question:

"Assuming the car is in reasonable condition, with the brakes working correctly, and that that car is stopped by putting on the brakes so suddenly that it takes 24 feet for the car to stop, and the last 6 feet of the 24 it plows up the ground and leaves a mark behind, how fast, in your judgment, would the car be running?"

The court overruled defendant's objections to both these questions, and the witness was permitted to answer that such a car would be going from 30 to 35 miles an hour.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellant.

The simple negligence count was demurrable. 171 Ala. 215, 55 South. 139; 166 Ala. 540, 51 South. 996; 183 Ala. 310, 62 South. 804; 202 Ala. 252, 80 South. 90. The wanton and willful negligence count was subject to the demurrers interposed. 200 Ala. 282, 76 South. 48; 191 Ala. 643, 68 South. 56; 181 Ala. 491, 61 South. 361; 72 Ala. 606; 169 Ala. 369, 53 South. 1013; 163 Ala. 141, 50 South. 241; 150 Ala. 327, 43 South. 342; 121 Ala. 221, 25 South. 609; 114 Ala. 492, 22 South. 279, 62 Am. St. Rep. 116. The hypothetical questions were improperly allowed. 80 South. 84; 191 Ala. 398, 67 South. 604. The court erred in refusing the charges requested. 193 Ala. 614, 69 South. 137; 182 Ala. 589, 62 South. 180; 5 Ala. App. 413, 59 South. 512. Remarks of counsel were improper. 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; 203 Ala. 550, 84 South. 259; 203 Ala. 486, 84 South. 266. The verdict of the jury was contrary to the instructions of the court. 148 Ala. 527, 41 South. 683; 150 Ala. 445, 43 South. 856; 199 Ala. 28, 73 South. 976.

Black, Altman & Harris, of Birmingham, for appellee.

The counts are in all respects sufficient. 179 Ala. 356, 60 South. 833; 204 Ala. 543, 86 South. 469; 158 Ala. 484, 48 South. 97; 125 Ala. 199, 27 South. 1006; 59 South. 584; 202 Ala. 356, 80 South. 438. The court properly allowed the hypothetical questions. 185 Ala. 617, 64 South. 343; 195 Ala. 701, 70 South. 673; 195 Ala. 36, 70 South. 678; 80 South. 84; 108 Miss. 589, 67 South. 60. There was no error in refusing charge J. 183 Ala. 357, 61 South. 88; 139 Fed. 99, 71 C. C. A. 295; 57 Colo. 484, 143 Pac. 364.

MILLER, J. Tony Cusimano, a minor, under six years of age, by his next friend, sues Louis Pizitz Dry Goods Company for injuries received from an automobile truck in the public streets of the city of Birmingham.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

which was being driven by a servant of the defendant.

There are two counts on which the case was submitted to the jury. Defendant pleaded the general issue—not guilty—to each. There was a verdict in favor of plaintiff, judgment thereon by the court, from which the defendant appeals.

The negligence averred in count 2 of the complaint, to which demurrers were assigned by defendant, and overruled by the court, is as follows:

"The defendant's servant, or agent, whose name is to the plaintiff unknown, and while acting in the line and scope of his authority as such servant or agent, negligently caused an automobile to run over, upon, or against plaintiff, upon a public highway in Jefferson county, Ala., and as a proximate result of said negligence plaintiff's leg was broken," etc.

The demurrers make the points that the negligence is not set forth, the averments are too general, and negligence as a conclusion only is charged.

[1] The count avers plaintiff was upon a public highway. He was therefore not a trespasser. He had a right to be there; so did the defendant with its automobile. Their rights appear equal at this place. Each owed a duty not to negligently injure the other as they used the public highway. Thus the count avers facts showing the duty owed plaintiff by defendant. It avers the defendant's servant while acting in the line and scope of his authority, as such servant, negligently caused an automobile to run over, upon, or against plaintiff upon a public highway in Jefferson county. This avers a negligent breach of that duty owed plaintiff by defendant. The count alleges an injury—plaintiff's leg was broken—and that it was the proximate result of the negligence. Thus we see alleged in the count facts showing the duty, the negligent failure to perform it, and an injury as a proximate consequence thereof. This is all the law required. The demurrers were properly overruled. B'ham. R. L. & P. Co. v. Fox, 174 Ala. 657, 56 South. 1013; B'ham. E. & B. R. R. Co. v. Feast, 192 Ala. 410, 68 South. 294.

That part of count 3 objected to by demurrer of defendant reads:

"Defendant's servant, or agent, whose name is to the plaintiff unknown, and while acting in the line and scope of authority as such servant or agent, wantonly and willfully injured the plaintiff by causing an automobile to run over, upon, or against him, and as a proximate result thereof plaintiff suffered the injuries," etc.

[2] This count is almost in the exact words of count 1 in Yarbrough v. Carter, 179 Ala. 356, 60 South. 833, approved by this court. The real difference between the two counts is: The count in this case charges that defendant's servant wantonly and willfully injured plaintiff by causing an automobile to

run over, upon, or against him; and the count in that case (179 Ala. 356, 60 South. 833) uses the word "plaintiff" in the place where the word "him" is in this count. This word "him," as and where it is in the sentence, refers, not to the servant, but to the plaintiff. It was intended to mean by that word "him" that plaintiff, and not the servant of defendant, was injured. Then the real meaning of the count must be gathered from reading and considering all of it. We find this additional averment therein on this subject:

"Plaintiff further avers that he was run over, upon, or against on a public highway in the city of Birmingham."

[3] When the count is construed as a whole as it must be, to get its full import, it is easy to determine that the words "him" and "he," as and where used, refer to plaintiff and not to the servant of defendant. It is so construed.

[4, 5] This count charges in substance that plaintiff was wantonly and willfully injured by causing an automobile to run over, upon, or against him; that his leg was broken thereby; and the injury was a proximate result thereof; it was done in a public highway in the city of Birmingham; that defendant's servant did it while acting in the line and scope of his authority. This count is sufficient in its averments to contain a cause of action for willful or wanton injury. Its allegations of facts are brief, and they are presented in an intelligent form so that a material issue can be taken thereon by the defendant. This is what the law requires. No error was committed by overruling the demurrers to it. Yarbrough v. Carter, 179 Ala. 356, 60 South. 833; section 5321, Code 1907.

[6] The defendant requested the general affirmative charge as to each count and that the court charge the jury also as a matter of law that there was no evidence in the case to support a charge of wantonness or willfullness. These three charges were in writing, and each was refused by the court. We have read the evidence. There is positive conflicting testimony, or direct or legitimate conflicting inferences that may be drawn from it, on each issue, which, under the scintilla of evidence rule, is sufficient to carry the case on each count to the jury. This being true, the court did not err in leaving it to them by refusing these charges. Penticost v. Massey, 202 Ala. 681, 81 South. 637; Amerson v. Corona Coal Co., 194 Ala. 175, 69 South. 601; McCormack Harv. Co. v. Lowe, 151 Ala. 313, 44 South. 47.

There are three errors, numbered 3, 4, and 5, assigned and insisted upon by defendant. They are rulings of the court adverse to it on hypothetical questions asked expert witnesses by plaintiff, and refusal by the court

to exclude the answer. This court said on this subject:

"The frame and substance of hypothetical questions to expert witnesses is a matter largely committed to the sound discretion of the trial court." Burnwell Coal Co. v. Setzer, 191 Ala. 398, 407, 67 South. 604, 607.

[7-9] The question should be framed on evidence in the case, not necessarily all the evidence, but sufficient for the witness to form an opinion to shed some light on some issue in the case. Each party can propound the question on the testimony in the case, which, if believed by the jury, would tend to establish his theory or conclusion. If one fails to state all necessary facts in the question, the other party on cross-examination can easily supply them and get the opinion of the witness thereon; for these reasons the question in form and substance must rest largely in the sound discretion of the trial court. It will not be put in error, unless this discretion is abused and a party appears injured thereby. The questions in this case conformed substantially to the rule, and the discretion was not abused by the court, and we find no error in these rulings. Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 South. 604; B'ham. R. & E. Co. v. Butler, 135 Ala. 388, 33 South. 33.

[10] The court refused charge No. 13. The defendant claims it was error. It reads:

"I charge you, gentlemen of the jury, that if you believe from the evidence that plaintiff ran from a place of safety on the side of the public highway, immediately into the path of the automobile driven by the defendant's agent and in such close proximity to the automobile that defendant's agent by the use of reasonable care and all the means at his command could not avoid the collision and the consequent accident, then I charge you that the defendant would be entitled to a verdict at your hands."

The speed of the automobile under the evidence varied in the estimates from 10 to 35 miles per hour; hence this charge improperly assumes that the defendant's servant was using reasonable care and all means at his command to avoid the injury. It does not state if the jury believe the action of the child was the sole cause of the injury. It fails to state if the jury believe from the evidence that the defendant's servant was guilty of no precious negligence that might have contributed as a proximate consequence to the injury. The defendant's servant may have been driving the car so negligently, when the child ran in front of it, that the injury could not have been avoided, and he would have thereby contributed proximately to it. For these reasons this charge was properly refused.

This charge, No. 22, was asked in writing by the defendant, and refused by the court:

"The court charges the jury that if you are reasonably satisfied from the evidence in this case that plaintiff ran suddenly into the path of defendant's automobile, and that his running into the path of the automobile was unexpected to defendant's servant or agent in charge of said automobile, and that reasonable foresight would not have caused defendant's servant or agent, in the exercise of reasonable prudence, to foresee that the plaintiff would suddenly run into the path of the automobile which he was driving, and if you further believe from the evidence that the plaintiff ran suddenly into the path of the automobile in such close proximity thereto as that defendant's servant or agent could not avoid striking him, then your verdict should be for the defendant."

[11, 12] It contains faults similar to those in charge No. 13. It fails to state if the jury believe from the evidence that defendant's servant was otherwise free from negligence. Under the conflicting testimony as to the speed of the car at the time of the injury, this charge is in error in assuming that defendant's servant was exercising reasonable prudence. The charge is argumentative. The defendant, through its servant, may have been guilty of negligence prior to the accident which proximately contributed to the injury, and under this charge it would escape such liability. There was no error in refusing this charge. It must be remembered that, under the uncontradicted evidence, the plaintiff is a child under seven years of age. The law conclusively presumes that he cannot be charged with contributory negligence. Sheffield Co. v. Harris, 183 Ala. 357, 61 South. 88.

The court gave this charge at defendant's request:

"The court charges the jury that, if you believe from the evidence in this case that plaintiff's injuries resulted from an unavoidable accident, your verdict should be for the defendant."

After reading it to the jury, the court said:

"I say by way of explanation and not qualification of that charge that 'unavoidable accident' means such as there is no legal liability for."

[13, 14] To this the defendant excepted. A written charge requested by either party must be given or refused by the trial judge in terms in which it is written. The court cannot qualify it. The court did not qualify this one by that statement to the jury; simply explained it; gave the jury a definition of "an unavoidable accident," the words used in the charge. This is permissible, and was proper and pertinent in this instance. Section 5364, Code 1907, as amended Acts 1915, p. 815; Callaway & Truitt v. Gay, 143 Ala. 524, 39 South. 277.

The court refused written charge J:

"The court charges the jury that, if they believe from the evidence in this case that the

way was clear for the defendant's automobile when the same was proceeding toward the point where the accident occurred and immediately before it reached said point, then the driver in charge of said automobile, if he was otherwise free from negligence, had a right to reasonably indulge the presumption that no person would suddenly run from the side of the road into his line of travel."

The injury occurred in the city, but within three blocks of its limits, in a sparsely settled district, not at an intersection of a public street or street crossing. W. S. Russell, witness for plaintiff, testified:

"Right by the signboard three or four chaps were playing, and the little boy run out; three or four playing, I think one or two little girls; I did not see any other little boy come out on the street with this little boy; another one run after him looked like and he stopped; he didn't come out into the road. This little boy stopped and turned and tried to get back. Before he could get back, the automobile struck him. I didn't see the automobile strike him. When I saw him run in the road, the hind end of the car was before me. I saw the little boy fall. * * * The little boy was running when he came out there. He run out in the edge of the road; this other boy running after him apparently chasing him in their game. I guess he went five or six feet, or eight, into the road before he turned around. Then he turned suddenly and started to run back. I didn't see him after he wheeled and turned back, the car got between me and the child. I could not tell the space between the automobile and the little boy when he run into the road. I was looking at the rear of the automobile. Whatever space it was, he just had time to run out in the road four or five feet and wheel around and attempt to run back."

Lindsay Russell, witness for defendant, testified:

"The little Cusimano child over there, Tony, just before the automobile struck him, just ran out, ran right out across in front of it; turned right around and whirled back, and the automobile struck him. He ran out from behind the signboard. I could not tell from where I was how close in front of the automobile he ran. As he went out into the street he was running, and when he turned around he turned around quickly and started to run back. When he started to run back he was going in just a fair run, I guess. Whatever the distance was he ran out into the road, whirled and started back and the automobile struck him."

Mrs. Lide, witness for defendant, testified:

"The street car was coming, and the heavy truck was coming down the road and the smaller truck there coming up, and, just as they passed, why the little child run out, but I didn't see anything else. * * * He ran kind of up and hit at the other little fellow and then just ran out. I don't know which way he turned or anything about that; I didn't see the car hit the child at all."

Jim Nail, witness for defendant, testified:

"I saw Tony just before the accident happened to him playing out there. He and two or three more were running out and jumping and playing in the sand. He ran from behind the signboard. I couldn't tell you whether he ran into the street or not. I did not see him when it struck him. I couldn't see it. The front end struck him. I could not see him when it hit him; the back end of the car obstructed my view. The last I saw of Tony before the accident he was running toward the car, and then the car stopped immediately after that or shortly after that; it stopped just as soon as it could, looked like."

The plaintiff ran three or four steps into the street from a vacant lot and turned to run back when struck by the car. There was evidence for plaintiff that plaintiff came from a vacant lot used as a playground, had been so used for years, was playing there just before the injury with three or four other children; that the children were in plain view. There was evidence by defendant that the way was clear, that there was a large signboard between him and the children, that the playing children were not seen, that defendant's servant did not see them, that he had used this street every few days for years, and had never seen children playing on the lot, that plaintiff ran suddenly in front of the car from behind the signboard, and the injury could not have been avoided; and the child was not seen by the driver until it was struck by the fender. The defendant's servant was blind in his right eye. Plaintiff was struck by the right fender of the car, and ran into the street on the driver's right side; there was evidence that a truck car met and passed defendant's car just before or about the time of the injury. The testimony was in conflict as to the time. This charge left it for the jury to determine if the way was clear. If the way was clear immediately before the car reached the point of injury, and if the driver was otherwise free from negligence, then the driver had the right under the charge to reasonably indulge the presumption that no person would suddenly run from the side of the road into his line of travel. This presumption does not relieve the defendant of liability for the injury by reason thereof. The charge leaves to the jury the question of whether the way was clear; whether children were or not within dangerous proximity to the street, or in the street, and could have been seen by the driver if he had exercised reasonable care and prudence; whether the driver was on proper lookout and was running the car at such rate of speed, and had it under such control that it could be stopped, if necessary, to avert the injury; and whether the defendant was otherwise free from negligence. Negligence in these particulars were disputed questions of fact properly left by the charge to the jury. The

principle of law invoked by this charge has been approved by this court. Vessel v. Seaboard Air Line Ry. Co., 182 Ala. 590, 62 South. 180; Reaves v. Maybank, 193 Ala. 614, 69 South. 137.

[15] We find and have been cited to nothing in the oral charge and no given written charge which covers fairly and substantially the same principle of law requested by this refused charge; hence refusal to give charge J was error. Section 5364, Code 1907, amended Acts 1915, p. 815; Vessel v. Seaboard Air Line Ry. Co., 182 Ala. 590, 62 South. 180; Reaves v. Maybank, 193 Ala. 614, 69 South. 137.

The next assignment of error grows out of the following facts:

"When the twenty-four jurors comprising the two juries from which the jury to try this case were being qualified for service, plaintiff's counsel asked the court to qualify them as to whether they were instructed in or employed by the Georgia Casualty Company. Defendant objected to the court's so qualifying them, on the ground the Georgia Casualty Company was not a party to the suit. Plaintiff's counsel then offered to prove by witnesses that said insurance company had an insurance policy with the defendant indemnifying against loss caused by accident growing out of the operation of the automobile in question and were financially interested either directly or indirectly in the result of the case. Defendant's counsel admitted the facts offered to be proved, and objected to the court's so qualifying the jury as to said insurance company on the ground said insurance company was not a party to the suit and that it would greatly prejudice defendant's right. The court overruled defendant's objection and qualified the jurors as to being employed by or interested in said Georgia Casualty Company, to which action of the court defendant duly excepted."

[16] The Georgia Casualty Company is not a party to this suit. If it is directly or indirectly interested in the result, and the proof by admissions of defendant show it, then any proposed juror who is interested in or employed by the insurance company would be an improper person to sit in the trial, and would be subject to challenge for cause. Sections 4635 and 7276, Code 1907; Kan. City, M. & B. R. R. Co. v. Ferguson, 143 Ala. 512, 39 South. 348.

[17] In Citizens' Co. v. Lee, 182 Ala. 561, 62 South. 199, and in Beatty v. Palmer, 196 Ala. 67, 71 South. 422, this court held it was not improper to so qualify the jury. There is nothing in the record to indicate it was done in bad faith. Nothing appearing in the record to the contrary, the court will presume it was done in good faith, for the bona fide purpose of getting a competent, qualified, fair, and impartial jury, and not for the purpose of indirectly putting highly prejudicial matter and illegal, poisoning evidence, in their minds, which could not be legiti-

mately placed before them on the trial. Watson v. Adams, 187 Ala. 490, 65 South. 528, Ann. Cas. 1916E, 565; Standridge v. Martin, 203 Ala. 486, 84 South. 266. We have copied in this opinion from the record all that it shows on this subject, and we find the court did not err in so qualifying the jury. Citizens' Co. v. Lee, 182 Ala. 561, 62 South. 199; Beatty v. Palmer, 196 Ala. 67, 71 South. 422.

The defendant filed motion for new trial. It was overruled by the court. Under this head the appellant argues many questions in which it claims the court erred, and on account of them the new trial should have been granted. It is not necessary for us to pass on this, as the case has to be reversed for other reasons.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.