# Louisville & Nashville Railroad Co. *v.* Cook.

*Damages for Injury to Employee.*

(Decided Feb. 6, 1910. Rehearing denied June 30, 1910.
53 South. 190.)

1. *Appeal and Error; Record; Matters to be Shown.*—This court will treat on appeal the pleadings and issues as shown by the record proper, and not as shown by the bill of exceptions.

2. *Same; Harmless Error; Pleading.*—Where a count is afterwards withdrawn, the rulings on demurrer to such count is not injurious to either party.

[Louisville & Nashville Railroad Co. v. Cook.]

3. *Jury; Challenge; Grounds.*—In an action by a servant for personal injury the employes of the master are clearly subject to challenge for cause as jurors; the statutory causes enumerated not being exclusive of all other grounds.

4. *Same; Right to Challenge; Waiver.*—Where the action is by a servant against the master for personal injury, the fact that employees of the master were permitted to remain on the jury by express consent of both parties, was not injurious to the defendant, nor was he entitled to complain, although such jurors were subject to challenge, and although other employees had been challenged by the plaintiff for cause.

5. *Witnesses; Competency; Evidence as to.*—Where the action was for injury to a fireman caused by escaping steam alleged to be due to a defect in the engine, the plaintiff testifying for himself could properly state that he had noticed the pounding in other engines similar to that in the one which he alleged injured him, it being proper to show the experience and capacity of the witness to know the facts to which he was testifying.

6. *Master and Servant; Injury to Servant; Complaint.*—Where the complaint was by a servant for personal injury received in the state of Tennessee and the complaint alleged that under the laws of that state, it was the non-delegable duty of the defendant to use reasonable care in furnishing a safe engine, and to use reasonable care to keep it in repair and that the engine was out of repair, and the complainant received his injuries as a proximate consequence of the failure of defendant to exercise reasonable care, said complaint should not be construed as brought under the Employer's Liability Act of the state of Alabama.

7. *Same; What Law Governs.*—Where the injury to the servant occurred in the state of Tennessee and the negligence of the master if any, occurred in that state, the law of that state and not of Alabama must control as to the duty and liability of the master.

8. *Same; Law of Place; Sufficiency of Evidence.*—Where the action was by a servant for personal injuries occurring in the state of Tennessee, and the complaint alleged that under the laws of Tennessee, it was the non-delegable duty of the defendant to use reasonable care in keeping said engine in a reasonably safe state of repair, such complaint was not supportd by the proof offered in this case.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by Henry T. Cook, an employee, against the Louisville & Nashville Railroad Company, for damages for injury happening in the state of Tennessee. Judgment for plaintiff and defendant appeals. Reversed and remanded.

38—168

JOHN C. EYSTER, for appellant. The court erred in overruling demurrer to the 3rd count.—*Conrad v. Gray*, 19 South. 398. Counsel discuss the action of the court as to permitting challenges of jurors, but cites no authority in support thereof, except section 7280, Code 1907. Counsel discusses the evidence, but without citation of authority. As to the admission in evidence of certain decisions of the supreme court of Tennessee, and in support of his contention that they were improperly admitted, he cites.—*Krogg v. Atlanta, etc., R. R. Co.*, 4 Am. St. Rep.; 42 Ala. 672; 61 Ala. 554; 67 Ala. 18; 59 Ala. 251; 100 U. S. 214; 149 U. S. 378; LeB. on M. & S. 868; *Kahl v. M. & C. R. R. Co.*. 95 Ala. 337; *R. R. Co. v. Carr*, 76 Ala. 388; *R. R. Co. v Dooley*, 78 Ala. 524; 99 Ala. 394; 92 Ala. 317; 113 Ala. 402; 25 South. 697.

CALLAHAN & HARRIS, for appellee. The court did not err in overruling demurrer to the complaint.—*L. & N. v. Lile*, 45 South. 699; *Ill. C. & E. Co. v. Walsh*, 132 Ala. 490. The court did not abuse its discretion in excusing at plaintiff's instance the several jurors who were employees of the defendant.—*Bir. R. L. & P. Co. v. King*, 42 South. 612; *Thomas v. The State*, 133 Ala. 144. The court properly admitted the accredited reports of the state of Tennessee.—*Inge v. Murphy*, 10 Ala. 894; *Sidney v. White*, 12 Ala. 731; *Cubbedge v. Napier*, 62 Ala. 520; *Bush v. Garner*, 73 Ala. 168; *Watford v. A. & F. L. Co.*, 44 South. 567. Acts 1907, (S. S.) 67, relates alone to remedy, without creating, enlarging or destroying any right, and operated on existing causes of action as well as those afterwards accruing.—*Willis v. The State*, 134 Ala. 449; *Tutwiler v. Tuscaloosa C. I. & L. Co.*, 89 Ala. 398; *Jefferson Co. S. B. v. Miller*, 145

Ala. 243.   The Tennessee decisions referred to are as follows:   *Guthrie v. R. R.,* 11 Lea. 372.

MAYFIELD, J.—The third count of the complaint was as follows: "Plaintiff claims of the defendant the sum of $30,000 as damages for injuries received by him on, to wit, the 15th day of August, 1907.   On or about said date, the defendant was a corporation engaged, among other things, in running freight trains composed of engines and freight cars from Nashville, Tenn., to Decatur, Ala.   On or about said date, plaintiff was an employee of the defendant and was one of a crew, on one of defendant's said trains, and was engaged in his duties as fireman on one of defendant's engines; and while so as aforesaid engaged in his duties on an engine running between Nashville, Tenn., and Decatur, Ala., at or near Riversburg, Tenn., and while the train was running at a rapid rate of speed, to wit 35 miles an hour, about 2 o'clock a. m. on said date, while it was quite dark, the steam rushed out of the boiler on said engine in a great volume and enveloped the engine where the plaintiff was engaged at work. And plaintiff avers that in his effort to escape from the hot and scalding steam, which stifled and blinded him, and in the confusion attendant on the sudden inrush of the steam, he fell or was thrown from said rapidly moving engine, down to and on the ground, from which he sustained serious and permanent injuries, in that his skull was fractured and broken, necessitating the removal of large portions thereof from the top of his head, and plaintiff was unconscious for a long time, to wit, two days, and suffered for a long time great physical and mental pain, and still suffers great suspense by reason of the removal of his said skull and by reason of the lack of protection to his brain and the continuous danger

to which he is subjected. And plaintiff avers that he sustained a flesh wound on his right leg, and his right knee was badly injured, which was for a long time painful to plaintiff, and still is stiff, sore, and weak. And plaintiff avers that he received the said injuries by reason of and as a proximate consequence of the failure of the defendant to exercise ordinary care in keeping said engine in reasonably safe repair."

The complaint was subsequently amended as follows: "(1) Under the laws of the state of Tennessee, it was the nondelegable duty of the defendant to use reasonable care in furnishing plaintiff a reasonably safe engine upon which to work, and also to use reasonable care in keeping the said engine in a reasonably safe state of repair. (2) By averring his injuries to be, in addition to those stated in the complaint, as follows: His spine was wrenched, displaced, twisted, and permanently injured. (3) By striking out of count 3 the last sentence, and averring in its place the following: On said occasion, the said engine was out of repair, unsafe, and unfit for service; and plaintiff received his said injuries by reason, and as a proximate consequence of, the failure of defendant to exercise reasonable care in keeping said engine in reasonably safe repair."

The final judgment entry was as follows: "Comes the parties by their attorneys into open court. On motion of the plaintiff it is ordered by the court that the testimony in this cause be published. Plaintiff amends his complaint to meet the evidence, by amendment 'Y.' Whereupon the defendant demurs, and assigns grounds of demurrer 1, 2, and 3, and, said grounds of demurrer being submitted to and duly considered by the court, it was considered and adjudged by the court that said grounds of demurrer be, and they are hereby, overruled. Defendant filed plea No. 3 to complaint as amended,

June 12, 1908. Plaintiff withdraws first and second counts of the complaint. Issues having been formed in open court on count No. 3 as amended and plea No. 3. Let a jury come. Thereupon came a jury of good and lawful men, to wit, W. P. Davis and 11 others, who being impaneled and sworn to well and truly try the issues in this case upon their oaths, do say: 'We, the jury, find for the plaintiff and assess his damages at the sum of twenty thousand dollars ($20,000.00).' It is therefore considered and adjudged by the court that the plaintiff have and recover of the defendant the sum of $20,000, besides all the cost in this behalf expended, for all of which let execution issue."

It will be observed that the record proper shows that the plaintiff withdrew counts 1 and 2, and that issues were formed alone on count 3 as amended, and plea No. 3, while the bill of exceptions does not make it clear as to whether there were any other issues or not; but, as the record proper is the proper expositor of the issues and rulings upon the pleadings, we must treat the pleadings and issues as shown by it. There is no such uncertainty nor apparent omission in the record proper or in the judgment entry, as that we can look to the bill of exceptions to determine the issues; and, if we could, the bill of exceptions would not inform us. — *Dannelly v. State,* 130 Ala. 135, 30 South. 452; *Brinson v. Edwards,* 94 Ala. 447, 10 South. 219; *McLendon v. Grice,* 119 Ala. 513, 24 South. 846. We must therefore treat the case as being tried alone upon the issues raised by count 3 as amended, and plea No. 3.

Counts 1 and 2 were expressly withdrawn, and thus eliminated from the complaint. No possible injury could have resulted to defendant as to ruling upon demurrers thereto.

The averments as to negligence on the part of the master, relied upon in count 3 as amended, are very general—but little more than conclusions of the pleader—but under the rules of pleading as to such counts, so often declared by this court, we must hold that the count was not subject to any ground of demurrer interposed thereto.

Appellant contends that the action was brought under the employer's liability act of this state (Code 1907, § 3910). In this it is clearly in error. There is not the slightest attempt to bring the action under that statute, and intimations or inferences that it was so brought are studiously avoided. In fact, it expressly declares solely upon the common-law liability of the master. There is an attempt to declare upon the common-law liability as it exists in Tennessee and not as it exists in Alabama. This last phase of the case will be treated more fully hereafter.—*Jones' Case,* 83 Ala. 382, 3 South. 902; *Lile's Case,* 154 Ala. 556, 45 South. 699; *Walch's Case,* 132 Ala. 497, 31 South. 470; *Guyon's Case,* 122 Ala. 239, 25 South. 34; *Miller's Case,* 120 Ala. 542, 24 South. 955.

The challenges of jurors for cause, enumerated in the statutes, are not exclusive of all other grounds for such challenges. The jurors excluded by the court on the ground that they were employees of the defendant were clearly subject to challenge for cause. It appears that the court excluded them only at the request of one of the parties, and, as the others who were subject to the same challenge were allowed to remain by the express consent of both parties, no injury can be held to have resulted. The defendant had the opportunity to challenge the others for cause, as did the plaintiff those who were excused, and it declined to exercise its option, after request by the court so to do. It cannot now

complain of that which it could and should have avoided. It had no right to have two of its other employees serve on the trial of its case, and cannot and should not complain of the court's excusing them—no matter in what manner—if it was not thereby deprived of a right.—*State v. Marshall*, 8 Ala. 302; *Carr's Case*, 104 Ala. 4, 16 South. 150; *Brazleton's Case*, 66 Ala. 96; *Gayle's Case*, 155 Ala. 204, 46 South. 261.

There was no error in allowing the plaintiff to testify that he had noticed the pounding in other engines, similar to that in the one which he alleges injured him. It was proper to show the experience and capacity of the witness to know the facts as to which he was testifying.

The injury to the servant having occurred in Tennessee, and the negligence of the master, if any, having occurred in Tennessee, the law of Tennessee, and not that of Alabama, must control, as to the duties and liabilities of the master to the servant.—*Carroll's Case*, 97 Ala. 126, 11 South. 803; *Railroad v. Foster*, 10 Lea (Tenn.) 351.

Tennessee being of common origin with Alabama, this court, in the absence of proof, will presume that the common law of this state prevails in Tennessee. This, however, is not a conclusive presumption; it yields to averment and proof. It may be shown that the common or unwritten law of the two states has been changed by Constitutions or statutes, or that, by local usage and different institutions and conditions, the common law of neither state is in all respects the same as English common law, and that, for the same reason and on the same account, the common or unwritten law of the two states, though of the same origin, is different.

The common law of England was never adopted by the United States, nor by any one of them, as an entire-

ty, but only those parts which were adapted and applicable to the needs and spirit and genius of the institutions of the respective sovereigns; yet the English common law, in part, as changed or modified by Constitutions, statutes, customs, conditions, or decisions of the Supreme Courts of most of the states, has become the common law of such states—certainly so as to Alabama and Tennessee.—*Birmingham Waterworks Co. v. Hume*, 121 Ala. 170, 25 South. 806, 77 Am. St. Rep. 43; *Stae v. Cawood*, 2 Stew. 360; *Burt v. State*, 39 Ala. 617; *Barlow v. Lambert*, 28 Ala. 704, 65 Am. Dec. 374; *Peet v. Hatcher*, 112 Ala. 514, 21 South. 711, 57 Am. St. Rep. 45.

Not only the common law of England, in part, as above defined, but some parts of her statutory law as it existed before our ancestors emigrated therefrom, became in a sense incorporated in our unwritten or common law; but the English statutes, like the common law proper, only became a part of the law of each state, when not inconsistent with the institutions, government, and laws of such state.—*Horton v. Sledge*, 29 Ala. 478.

While this court will presume that the common law prevails in Tennessee, this prima facie presumption is to the effect that it is the same in Tennessee as in Alabama; but this is not conclusive. It may be averred and proven in the courts to be different from the common law of this state, and if relied upon as being different, as the basis of a cause of action in the courts of this state it must be averred and proven as it exists in such other state.

If a party desires to avail himself of a common-law ruling prevailing in another state, which differs from the common-law ruling of this forum, he must both plead and prove the rule as relied upon in the foreign state. The courts of our state cannot take judicial no-

[Louisville & Nashville Railroad Co. v. Cook.]

tice of the laws of another state. They may in certain cases presume that the law of another state is the same as that of Alabama, but cannot presume that it is other than that of this state.

When the foreign law is so pleaded, and evidence is introduced to prove it, it is the common law as understood in the other or foreign state, and not necessarily the common law of the state of the forum, which is to be ascertained and applied.—*Inge v. Murphy*, 10 Ala. 885; *Root v. Kansas City Co.*, 195 Mo. 348, 92 S. W. 621, 6 L. R. A. (N. S.) 213, and note; *Cherry v. Sprague*, 187 Mass. 113, 72 N. E. 456, 67 L. R. A. 34, and note, 105 Am. St. Rep. 381.

Some courts hold that they can, or will, determine what the common law of another state is, only by reference to their own decisions—that the decisions of another state are evidence only of the common law, but not so high or so binding as the decisions of courts of their own state. That is, they determine for themselves what the common law of another state is, notwithstanding the decisions of the courts of such other state. But the courts are very few which hold to this view, the great majority seeming to hold in line with, and to follow, the authority of our own case of *Inge v. Murphy*, 10 Ala. 894. A great number, if not all, are cited and reviewed in the notes to the cases reported in the L. R. A. cited above.

So it conclusively follows that the merits of the case, and the liabilities, duties, and rights of the parties to this controversy, must be determined by the law of Tennessee; and, under the pleadings and the issues in this case, by the common law of Tennessee as it is here alleged and proven to be.

Though the defendant should be liable under the laws of Alabama, the plaintiff could not recover, under these

issues, unless the defendant be also liable under the laws of Tennessee, and it is the common law alone of Tennessee which must determine the rights, as distinguished from the remedy, of the parties to this suit; but, in the absence of proof as to the common law of Tennessee, this court will and must presume it to be the same as the common law of Alabama.

The complaint as amended alleged that: "Under the laws of the state of Tennessee, it was the nondelegable duty of the defendant to use reasonable care in furnishing plaintiff a reasonably safe engine upon which to work, and also to use reasonable care in keeping said engine in a reasonably safe state of repair." If this can be said to allege that it was the nondelegable duty of the master to keep this engine in a reasonably safe state of repair, as well as to furnish it originally, then it alleges the law of Tennessee to be different from that of Alabama; but if it alleges that duty to furnish, only, is nondelegable, and not the duty to maintain in a reasonable state of repair, then it simply alleges the common law of Tennessee to be exactly what it is in Alabama. The allegation in this particular is not as certain as it might be; but it seems to have been treated by both parties and the court as alleging the law of Tennessee to be different from that of Alabama in this respect, and we will so treat it.

This being a material averment, it devolved upon the plaintiff to prove it. No statute or constitutional provision was offered to prove it, and no witness learned in the law of Tennessee was offered to prove it. But two decisions of the Supreme Court of Tennessee were offered in evidence to prove this averment of the complaint, or to prove the common law of Tennessee on this subject. The decisions were properly verified and certified to make them admissible and relevant evidence

for this purpose. The decisions were in the cases of
*Guthrie v. L. & N. R. R. Co.* and *Picard v. Cooperage
Co.* The former was reported in 11 Lea (Tenn.) 372-
382, 47 Am. Rep. 286, while the latter seems not to have
been officially reported, or, if it was, the record shows
no reference to it.

We have examined and studied these decisions care-
fully, and we do not think that either, or both together,
show the law of Tennessee to be as alleged; that is, that
the duty of the Master (the defendant in this case) to
maintain the engine in a reasonably safe state of re-
pair was nondelegable. There are expressions in both
cases which may be said to tend in that direction; but
they do not clearly or expressly so declare the law, and
such expressions as used in these cases in each instance
are dicta, or used arguendo. Such expressions were not
necessary to a decision of either case under discussion,
nor was the law of Tennessee, as alleged, necessary to
be decided in either case. Hence if the expressions in
the opinions had declared the law to be as alleged, these
decisions would not be binding on the Supreme Court
of Tennessee, much less on the courts of other states.

Those decisions offered in evidence do decide (as well
as do others which we have examined, both of our state
and of Tennessee) that the common-law duties and lia-
bilities of master and servant are different in the two
states, but not in the respect averred in the complaint.
The fellow-servant doctrine has been held by the Su-
preme Courts of both states to be different in the two
states. Certain servants or employees of a common
master have been held to be fellow servants in Ala-
bama, while in Tennessee servants of the same class or
kind were held not to be fellow servants. The exact
difference was pointed out by the Supreme Court of
Tennessee in the case of *N. C. & St. L. Ry. v. Foster,*

10 Lea., 352, and the same cases were reviewed by Justice McClellan in *Carroll's Case*, 97 Ala. 126, 11 South. 803.

In *Thomas' Case*, 42 Ala. 672, this court held that an inspector of engines was a fellow servant of a fireman; both being employees of a common master, a railroad company. The common law of Alabama was enforced by the Courts of Tennessee in the case of *N. C. & St. L. Ry. v. Foster, supra;* the Tennessee court holding that the law of Tennessee was different in that respect, but that the law of Alabama was applicable to the case on trial and would be enforced by the courts of Tennessee, notwithstanding the law of that state was diffent.

These cases were reviewed in *Carroll's Case*, 97 Ala. 126, 11 South. 803, and reaffirmed by this court; but none of them declared the law of Tennessee to be as averred. In fact, we think the law of Tennessee is declared by the Supreme Court of Tennessee to be different from what it is alleged to be, in the complaint, different from that as declared by the trial court in this case, and different from that contended for by counsel for appellee.

The case of *Knoxville Co. v. Dodson*, 7 Lea. (Tenn.) 367, clearly recognizes and declares the rule to be that the master is not liable to all his servants for the negligence of all his other servants in their failure to repair appliances, and that he is not liable to a servant for failure to maintain tools or appliances in a reasonably safe condition, provided he had employed reasonable, safe and competent servants to maintain and repair, and had intrusted to them that duty. The first case cited in that opinion, to this proposition, is one of our own.—*M. & M. R. R. Co. v. Smith*, 6 Reporter, 264.

This rule, of course, is limited to fellow servants, and the master would be liable to a servant for such failure to maintain or repair, if the servant injured was not a fellow servant of the one guilty of negligence.

This is likewise the common law in Alabama; the difference of the law in the two states being that the fellow-servant doctrine is more restricted in Tennessee than in Alabama. The doctrine is not entirely abrogated in Tennessee; it is only more restricted. It is, however, we think, true that the engine inspector or repairer of a railroad company, whose only and sole duty is to inspect and repair engines, is not a fellow servant of a fireman or brakeman on the engines so inspected and repaired; and that his act in so inspecting and repairing is the act of the master, so far as the fireman and brakeman are concerned. But we are not prepared to say that the fireman and engineer are not fellow servants under the law of Tennessee. As to this, however, we do not decide.

While it is the law of Tennessee as to which we are inquiring in this case, and we will follow that law as declared if not against the public policy of the law as declared by this court, yet this court will not declare the law of Tennessee to be as declared by some one decision of the Supreme Court of that state. The Supreme Court of Tennessee does not consider itself bound by any one decision in all other subsequent cases, and this court would not consider itself so bound forever by any one decision, though rendered by the court iself, not even on a subsequent appeal in the same case; this much is enjoined upon this court by statute.—Code, § 5965. But this court would feel bound by what it conceived to be the settled law of Tennessee, and as settled by that court, if so settled. That is the proper court to decide what is the law of Tennessee. For example,

if the plaintiff introduced a witness learned in the law of Tennessee to prove what the law of that state was, as to the issue involved, we would consider it, but would not feel bound thereby to find it as declared by the witness, and we would still examine the decisions of that court and the law of that state as we could find it; and in the same manner we do not feel bound or restricted to the decisions only of that court introduced in evidence.—*Inge v. Murphy,* 10 Ala. 894. See *Root v. Kansas City Co.,* 195 Mo. 348, 92 S. W. 621, 6 L. R. A. (N. S.) 213, and note; *Charlotte v. Chouteau,* 25 Mo. 465; *Hancock Nat. Bank v. Ellis,* 172 Mass. 39, 51 N. E. 207, 42 L. R. A. 396, 70 Am. St. Rep. 232; *Cook v. Bartlett,* 179 Mass. 576, 61 N. E. 266; Story on Corp. Laws, § 638; 1 Greenl. Ev. 486.

The most the decisions of the Supreme Court of Tennessee show is that it is the duty of the master to maintain the appliances in a reasonably safe state of repair; but they do not show that this duty is nondelegable, which is the allegation of the complaint.

It is urged by appellant that the courts of this state have no jurisdiction of this action, because the injury and negligence relied upon occurred in another state, the defendant being a foreign corporation, and it invokes the rule declared by this court in *Carr's Case,* 76 Ala. 389, 52 Am. Rep. 339, and in *Harrison's Case,* 122 Ala. 149, 25 South. 697, 82 Am. St. Rep. 68.

To this the plaintiff replies that this rule or doctrine or law is changed by the act of the Legislature at the last extraordinary session, contending that the effect of that act was to give the courts of this state jurisdiction of actions like this, which it did not have before. See Acts Ex. Sess. 1907, p. 67.

It is both unnecessary and improper for us to pass upon these questions, because the defendant made no

[Louisville & Nashville Railroad Co. v. Cook.]

attempt to raise the question of jurisdiction of the person in the lower court, and as to the subject-matter there is no evidence to show whether defendant is a domestic or foreign corporation.

Chief Justice DOWDELL concurs in the conclusion reached by the writer, to the reversal of the case, upon the failure of the proof to support the averments of the complaint, without committing himself to all that is said in the text in reference to the common law.

For the errors pointed out the judgment must be reversed, and the caused remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur in the conclusion.

McCLELLAN, J.—The injury, for which this action was brought, having occurred in the state of Tennessee, it was averred in the complaint that "under the laws of the state of Tennessee it was the nondelegable duty of the defendant to use reasonable care in furnishing plaintiff a reasonably safe engine upon which to work, and also to use reasonable care in keeping said engine in a reasonably safe state of repair." The gist of the averments is that the two duties stated are nondelegable in that state. The import of the key word of the averment is that the duties alleged are, in that state, incapable of delegation. In the parlance of the law of master and servant the term "delegate," as respects duty, has come to have a well-understood meaning. It does not have reference, when applied to duty, and liability for its breach, to the mere agencies necessary to the performance of the duty. When definitive of the place of repose of a duty, it imports obligation—obligation to order conduct, to conform action, or to refrain

from action, consistent with the definite mode, though it has been said, and doubtless well, abstractedly speaking, that "duty" is a stronger term than "obligation." As terms, they are often employed synonymously; so that, when it is declared that a duty is nondelegable, the statement does not import the mere assignment of the performance of the duty—the mere designation of the means to perform it.

In this state, the duty to afford the servant a reasonably safe place in which to work is nondelegable; but the mere manual agencies to perform that duty may be, and must of necessity be, assigned to others than the master.

The averment quoted, as in all cases of the kind, must be proven as any other fact alleged; it not being consistent with the view of the common law prevailing in this state. Courts of this state cannot take judicial cognizance of the state of the law in another state, though the prevalence of the common law, as viewed here, in states of common law origin, will be presumed if the contrary is not shown. Many of our decisions supporting the statements are collated in: 2 May. Dig. p. 663 et seq.; 3 May. Dig. p. 439. See, also, *Bender v. Reynolds,* 12 Ala. 457, 458; *Sidney v. White,* 12 Ala. 728-732; *Johnson v. State,* 88 Ala. 176, 7 South. 253.

Being a matter of allegation and evidence, this court, in reviewing in its sole capacity, in such cases, of an appellate tribunal, cannot look beyond the four corners of the record of the trial court below for or to any statute or decision that will aid proof of the allegation of the foreign law or that will refute proof to that end offered or made in the court below. A departure from this settled doctrine would inevitably result in a trial de novo, on that issue, in this tribunal—a jurisdcton and power not possessed, in such cases as this, by this appellate tribunal.

In *Johnson v. State,* 88 Ala. 176, 180, 7 South. 253, this court expressly declined to consider a decision of the supreme Court of Tennessee because it was "not put in evidence." There is no decision of this court to the contrary. The decision in *Inge v. Murphy,* 10 Ala. 885, is not opposed to the conclusion stated. Indeed, in that case, where the trial judge improperly submitted the construction of the law of North Carolina to the jury, it was said: "For ourselves, we must decline to examine the question of what the law is, or what is the legal effect of the decision of the North Carolina courts, upon the rights of the parties, *until these matters shall be first decided by the court of original jurisdiction.*" (Italics supplied.)

That the court of original jurisdiction could not decide the matter of construction without the subject-matter for such a decision being offered in evidence, it is impossible to doubt.

The construction of statutes and decisions offered in evidence in such cases, is of course a question for the court, alone, to decide.—*Inge v. Murphy, supra.* But if the law of another state be undertaken to be proven or disproven by a witnes, and a conflict in their testimoney occurs upon the fact of the law of that state—not upon its construction—I am not yet prepared to say that the court should also (in addition to construing the law as testified to by the opposing witnesses, respectively) assume the functions of instructing the jury what, of the different laws deposed to, the jury should find was the law of the foreign state. Indeed, it is my present opinion that the court would, if it did so, in that character of case, invade the province of the jury, and, in consequence, err. There may be a wide distinction, practically important in the case of conflict in evidence indicated, between the construction of

a given law and a finding of fact of what is the law in another jurisdiction, where witnesses differ as to the fact of the existence vel non of the law, whatever its construction.

Whatever may be the rule elsewhere, reason and harmonious decision in this state limit this court, in reviewing the inquiry of proof vel non of the allegation quoted from the complaint in the case at bar, to the evidence before the trial court. This of course implies the right and duty to bring to bear upon the written evidence to be construed the general information necessary to interpret the statute or decision, but in no event to consult statute or decision not offered in evidence to prove or to disprove a statute or decision so offered in evidence.

The reliance to prove the quoted allegation in the complaint is the decision of the Supreme Court of Tennessee in *Guthrie v. Railroad,* 11 Lea, 372, 47 Am. Rep. 286. The averment must be proven, not left to possible, or even probable, inference, merely. There can be no such thing as a decision tending to prove an averred state of the law, in a given particular, in another state. The law is or is not, for purposes of proof by decision or statute in a foreign state. That another court of last resort has laid down in decision a legal premise from which it may be, or even, as matter of logic and legal consequence, should in our opinion be, concluded that a given rule is the law in that state, cannot of necessity suffice, generally speaking to prove an averred state of the law there. It is so, because to attain the averred result an additional process and conclusion of the judicial mind must be supplied in order to arrive at the point where it can be said with requisite certainty that the state of the law, in the foreign state, on the subject is as averred. There may be cases where the con-

clusion, consistent with the averment, may be held to result irrefragably from the premise founded by decision already rendered; but, in the ordinary cases, the general rule must be as indicated. That a court is headed, as read from its decisions, toward a given and averred establishment of the law, on a particular subject or right, is obviously a very different matter from the status made by the decision to that effect. If these observations be not sound, the consequence, ordinarily, must be that courts, properly dealing alone with the evidence (decision) offered, become not only suppliers of evidence, but also impute to the courts of the state, whose law is the issue, a conclusion, a deduction, not shown to have been uttered and approved by them.

*Guthrie v. Railroad, supra,* might well be read as authority, to our brothers of Tennessee, for that court to hold that the duties averred in the complaint are nondelegable, and, it might be added, so read here were the question open with us. But authority and evidence are distinct conceits.

It is true *Guthrie's Case* declared the master's here pertinent duty to the servant in broad terms—such terms as import an active, continuing, obligation toward the servant in respect of repair of the instrumentalities of his service to the master. And it may be well argued, as it is most ably here, from the premise indicated, that no such declaration of duty could or does consist with the delegability—not mere assignability of its performance—of the duty involved. But, while these concessions are unquestionably due appellee's counsel, it yet remains that in *Guthrie's Case* the Tennessee court did not therein hold that the duty involved was nondelegable. It may be that in *Guthrie's Case* the court grounded the declaration of liability of the master upon considerations apart from the theory of

nondelegability of the duty treated therein. That court did not particularize in respect to that great phase of the law of master and servant. Looking at its decision as evidence, the writer cannot assume the necessary fact in order to render *Guthrie's Case* proof of the allegation quoted from the complaint.