199 So. 708

### SOUTHERN RY. CO. v. MILAN.

### 8 Div. 959.

Court of Appeals of Alabama.

Aug. 6, 1940.

Rehearing Denied Oct. 29, 1940.

Reversed on Mandate Jan. 14, 1941.

A. H. Carmichael, of Tuscumbia, Brown, Scott & Dawson, of Scottsboro, and Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellee.

RICE, Judge.

This appeal is from a judgment in appellee's favor in a suit brought by her against appellant to recover damages for injuries suffered by her as the proximate result of a motortruck in which she was riding as a passenger being struck at a public road crossing by one of appellant's trains.

Able counsel for appellant have disregarded all pertinent rules in the construction of their brief filed here; but we will undertake to discuss all the assignments of error which they have "argued" therein.

They first insist that "the court erred in overruling defendant's (appellant's) objection to W. O. Proctor being put on the jury to try the case on the ground of his relationship to counsel for plaintiff."

Of course, W. O. Proctor was not "put on the jury to try the case;" but, if it makes any difference in the law, his name was put on the list from which the parties "struck," to obtain the jury, and was duly "stricken" by appellant.

As for the relationship between the venireman W. O. Proctor and Mr. James M. Proctor, one of plaintiff's (appellee's) counsel, the bill of exceptions recites: "Mr.

W. O. Proctor said that his father and Mr. James M. Proctor's grandfather were second cousins and that, Mr. James M. Proctor and W. O. Proctor were fifth cousins." On this statement, which was undisputed, the trial court overruled appellant's objection to the name of W. O. Proctor being included on the list from which it was required to "strike the jury," and we think correctly so.

Code 1928, Sec. 8610, makes it a ground for "challenges for cause" if a juror "is related by consanguinity within the ninth degree, or by affinity within the fifth degree (computing according to the rules of the civil law), to any attorney in the cause to be tried." Applying these rules (Danzey v. State, 126 Ala. 15, 28 So. 697) it is at once apparent that there existed no ground for challenge for cause of the juror W. O. Proctor. He was not related to Mr. James M. Proctor within the ninth degree—rather, the tenth.

■ Appellant next insists the trial court erred in giving to the jury at appellee's request written charge 3, which is as follows, to-wit: "3. I charge you, Gentlemen of the Jury, that if you are reasonably satisfied from the evidence that the defendant, or the defendant's servants or agents were guilty of any negligence, as charged in the complaint, then the jury must return their verdict in favor of the plaintiff, notwithstanding the driver of the automobile was guilty of negligence and notwithstanding said negligence of said driver of said automobile proximately contributed to cause said train to collide with said automobile and proximately contributed to cause the plaintiff's injuries."

The argument for error, advanced by appellant, in the giving of the above-written charge to the jury, is plausible, persuasive, but we believe specious.

Under circumstances not dissimilar to those here obtaining, our Supreme Court has approved the giving to the jury at the plaintiff's request of a charge not distinguishable in principle from that just quoted. Birmingham Southern Railway Co. v. Harrison, 203 Ala. 284, 82 So. 534.

The same reasons relied upon by the Supreme Court to justify the giving of charge 3 in the Birmingham Southern Railway Co. v. Harrison case, cited, (said charge 3 being in all substantial respects the same as the charge 3 quoted above in this case) as related to the opposing party's given written charge 10, there discussed, apply here with reference to appellee's given charge 3, as related to appellant's given charge G.—mutatis mutandis.

This fact, of course, precludes our finding that the giving of said written charge 3, here, was error. Code 1923, Sec. 7318.

■ As for the only other action by the court urged upon us as error for which the judgment should be reversed—that of overruling appellant's motion to set aside the verdict and grant it a new trial—it seems proper that we merely observe that we are not persuaded.

One ground of said motion is that the verdict was what is known as a quotient verdict. Of course if it was, and this was shown to the court, it would have been the court's duty to set said verdict aside.

But we have carefully read and examined the evidence submitted to the court on this ground of appellant's motion for a new trial—which, by the way, consisted only of an affidavit of one of appellant's claim agents—and, according full verity to the matters deposed to by said agent, the same, to our minds, fall far short of furnishing that measure of proof which would authorize the court to take the action requested by appellant. There was no error in overruling this ground of the said motion.

■ Nor was there any in overruling the ground of the motion based upon the insufficiency of the evidence to support the verdict returned. The issues in the case were peculiarly for the jury; and it appears that the verdict finds ample support in the testimony.

In none of the assignments of error argued to us do we find merit, and the judgment is affirmed.

Affirmed.

### On Rehearing.

■ It is unquestioned that "the degree of kindred must be computed in Alabama according to the rules of the civil law. * * * The civil-law rule is to begin with the intestate and ascend from him to a common ancestor, and descend from that ancestor to the claimant, reckoning a degree for each generation both in ascending and descending." Johnston v. Pierson, 229 Ala. 85, 155 So. 695, 696, and authorities cited in the opinion. Here, we should substitute the juror, W. O. Proctor, though apparently very much alive, for the "intestate;" and Mr. James M. Proctor, ap-

594

propriately enough, it would seem, for the "claimant."

■ And, applying the rule quoted above, we now conclude, upon further consideration, that the juror, Proctor, was related to the lawyer, Proctor, within the ninth degree—specifically, in the eighth degree, and not in the tenth, as announced by us in our opinion on original submission.

But the inhibited juror did not sit on the trial of the case. His name was merely placed, erroneously as appears, upon the list from which the parties were required to "strike," in selecting the jury that did decide the issues. It was duly "stricken off" by appellant.

And, for aught that is made to appear, we are unable to say that the error, noted, "probably injuriously affected substantial rights" of the appellant. So, under Supreme Court Rule 45, we would not order a reversal of the judgment on account of same.

■ It is now definitely settled that not only must the appellant show error, but that he has been injured thereby.

The application for rehearing is overruled.

Opinion extended. Application for rehearing overruled.

PER CURIAM.

Reversed and remanded under provisions of Code 1923, § 7318.