10 So.2d 36

### PAYNE v. CITY OF BIRMINGHAM.
### 6 Div. 770.

Court of Appeals of Alabama.
June 23, 1942.

Rehearing Denied Oct. 6, 1942.

Edgar Allen, of Birmingham, for appellant.

Ralph E. Parker, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

The original prosecution in this case was begun in the Recorder's Court of the City of Birmingham wherein the defendant (appellant) was charged with the violation of Section 6058, City Code of Birmingham, Alabama. In said court the defendant was tried and convicted of the offense charged, and from the judgment of conviction an appeal was taken to the circuit court.

In the circuit court he was tried upon a complaint which reads as follows:

"Complaint

"City of Birmingham, a municipal corporation, vs. R. L. Payne Defendant | In the Circuit Court of Jefferson County, Alabama

No 8 8 0 3

Appealed From Recorders' Court of Birmingham

"Comes the City of Birmingham, Alabama, a municipal corporation, and complains that R. L. Payne within twelve months before the beginning of this prosecution did unlawfully fire a pistol within the city limits of Birmingham, Alabama, contrary to and in violation of Section 6058 of the 1930 City Code of Birmingham, Alabama.

"Ralph E. Parker
"Assistant City Attorney
"Filed in Open Court. This 4 day of Dec. 1940.
"J. Russell McElroy, Circuit Judge."

The defendant filed demurrer to the complaint, based upon several grounds. The demurrer was overruled. This action of the court is assigned as error (assignment 2). There was no error in the action of the court in overruling the demurrer to the complaint. Moreover, this assignment appears to have been waived or abandoned, as no argument in support thereof appears.

The applicable ordinances involved in this case are as follows:

Section 6058. "It shall be unlawful for any person to fire any gun, pistol or other fire arm within the City Limits, and any person violating this Section shall be punished as provided in this Code."

Section 4915. "When the doing of any act, or the omission to do any act, or to perform any duty, is declared to be unlawful by any ordinance of the Corporation, and there is no fine or other penalty prescribed, any person convicted of such act or omission shall, on conviction thereof, be punished as provided in this Code."

Section 4906. "Any person 'shall upon conviction be punished by a fine not exceeding one hundred dollars and/or by imprisonment at hard labor upon the streets or public works, or in the workhouse or house of correction of the City, not exceeding six months, one or both; and in the event any fine and costs are not presently paid, the Recorder of the City shall sentence the offender, or person, thus in default to work out the fine and costs at hard labor upon the street or public works, or in the workhouse or house of correction of the City, and the persons so sentenced to hard labor shall be allowed one dollar for each day's services so performed, etc.' "

In the circuit court the case was tried before the judge and jury on December 4, 1940, and the jury returned its verdict as follows: "We, the jury find the defendant guilty as charged in the complaint, and fix his punishment at a fine of $50.00."

The court thereupon entered judgment that defendant is guilty and that he pay a fine of $50 and costs of this cause.

As a part of this judgment the court entered this following order: "And it is ordered and adjudged by the Court that the bond in this cause continue in effect until the judgment and sentence be rendered and imposed upon said defendant."

On January 23, 1941, the court entered a judgment and sentence which is set out on page 4 of the record. In addition to the sentence for the fine and costs, the Judge ordered and adjudged that the defendant be imprisoned in the City Jail of the City of Birmingham for ninety days, and also sentenced him to perform hard labor for the County for one hundred and thirty four days at the rate of 75 cents per day to pay costs of the case, which the Judge stated was $100.80; that after he had completed his sentence for the city the defendant be returned to the county authorities to execute said sentence for costs.

A motion for a new trial was presented to the Judge on February 21, 1941 and filed, and set down for hearing on March 6, 1941. This motion was heard by the Court on March 6, 1941, taken under advisement and overruled on March 26, 1941, to which action defendant reserved his exception. The cause was duly appealed to this Court.

It affirmatively appears from the record, that this case was tried and determined under the law existing prior to the time when the 1940 Code of Alabama became in force and effect. Therefore the insistence of appellant that the courts should not take judicial knowledge of the pertaining ordinances, supra, is untenable, and the appellant's request for the affirmative charge upon the grounds no proof had been offered as to the existence of said ordinances, was properly refused. The law on this question at the time of the alleged commission of the offense, and, as stated at the time of the trial of this case, provided: "Judicial notice of all ordinances, laws and by-laws of such cities (of 100,000 population or more) shall be taken by the courts of the State."

There is no phase of the case which entitled the defendant to a directed verdict.

We shall not undertake to recite the evidence adduced upon the trial. Suffice it to say the principal and controlling issue was one of fact. The city offered testimony tending to sustain the material averments of the complaint. This evidence was positive and direct, as well as circumstantial.

 The accused, on the trial in the circuit court, denied that he was the person who fired the shots, and offered testimony tending to sustain such denial. This conflict in the testimony presented a question for the jury to determine. From the viewpoint we take of all the evidence we are clear to the opinion it was ample and sufficient to sustain the verdict of the jury, and to support the judgment of conviction pronounced and entered.

It was entirely within the discretion of the trial court to allow the city to offer testimony in rebuttal, as shown by the record; the exception reserved in this connection is without merit.

The trial court delivered a very able oral charge to the jury; it was full, fair and explicit. The oral charge, in connection with the charges given at request of defendant, fairly and substantially covered each of the written charges refused to defendant. Stress appears to be laid upon the refusal of charges 6, 7 and 8, to defendant. The insistence in this connection is untenable, for given charges 2 and 3 fully covered the propositions of law contained in said charges 6, 7, 8; not only that, but the designated given charges 2 and 3 were more favorable to defendant than were the refused charges. As stated, the oral charge also covered, fairly and substantially, every rule of law stated in said charges on this question.

The judgment of conviction pronounced and entered, and also the sentence imposed by the court, were in strict accordance with the requirements of the prevailing statutes. The contention of able counsel for appellant, as to this, cannot be sustained.

There was no error in overruling and denying defendant's motion for a new trial.

We have examined and carefully considered every ruling of the court to which exception was reserved and find no error of a reversible nature in any of said rulings.

The record proper is regular and without error also; hence, the judgment appealed from in this case must be affirmed. It is so ordered.

Affirmed.