10 So.2d 38
### SHAPIRO v. CITY OF BIRMINGHAM.
#### 6 Div. 896.

Court of Appeals of Alabama.
June 30, 1942.

Rehearing Denied Oct. 6, 1942.

Morel Montgomery, of Birmingham, for appellant.

Ralph E. Parker, of Birmingham, for appellee.

SIMPSON, Judge.

The appellant was convicted in the Circuit Court of Jefferson County for the violation of an ordinance of the City of Birmingham, Alabama, and appeals.

There are two points urged as error in brief and argument which invite our review. The first challenges the constitutionality of the ordinance upon which prosecution was rested. The second relates to the action of the court in refusing to challenge for cause one of the twenty-four jurors in the panel from which the jury was to be selected to try the case. We discuss them in this order.

The validity of the ordinance cannot be considered for the reason that it nowhere appears in the record.

The impression probably prevailed that the courts will take judicial notice of the ordinances, laws, and by-laws of the City

of Birmingham by virtue of Section 7 of the General Acts of Alabama, 1915, p. 294 et seq. This was the law (Robertson v. City of Birmingham, 28 Ala.App. 393, 185 So. 190; Milner v. City of Birmingham, 201 Ala. 689, 79 So. 261) until May 31, 1941, when the present (1940) Code of Alabama became effective.

A strict and studious investigation has convinced us that Section 7 of 'the Act, supra, providing that the courts should take judicial knowledge of such ordinances is not' now extant, having been omitted from the new code and thereby repealed when the new code became effective.

Title 1, Section 9 of the Code of 1940 is: "Laws continued in force and laws repealed by the adoption of this Code.— This Code shall not affect any existing right, remedy, or defense, nor shall it affect any prosecution now commenced, or which shall be hereafter commenced, for any offense already committed. As to all such cases the laws in force at the adoption of this Code shall continue in force. But this section does not apply to changes in forms of remedy or defense, to rules of evidence, nor to provisions authorizing amendments of process, proceedings or pleadings in civil causes. Local, private, or special statutes, and those public laws not of general and permanent nature, and those relating to the swamp and overflowed lands, and those relating to the public debt, and appropriations, and any act submitting an amendment to the Constitution, and any act to be effective upon the adoption of such an amendment to the Constitution, are not repealed by this Code. But subject to the foregoing provisions, or as may be otherwise provided in this Code, all statutes of a public, general, and permanent nature, *not included in this Code, are repealed."* (Supplied emphasis.)

A thorough search reveals that the 1915 Act, supra, was omitted from the present codification of our laws. Shepard's Annotations confirms this conclusion. Shepard's —Alabama Citations, Vol. XXVII (May 1942, No. 1) p. 174.

The mentioned Act (1915, p. 294 et seq.) is what is termed a general law of local application and comes within the classification of the statutes specifically repealed by the foregoing code section, if not embodied in the code. The editor's comment captioning the annotations under the foregoing code section points this out: "It should be noted that this section now provides for the repeal of all those laws commonly known as general laws of local application not included in this Code."

Therefore, under the existing status of the law, it seems that the ordinance, here, is subject to the same rules of pleading and evidence as those of any other municipal corporation. And the courts (in absence of a special statute to the contrary) do not take judicial notice of the ordinances, laws, and by-laws of municipal corporations. 9 Alabama Digest, Evidence, ☞32.

Inasmuch as the ordinance fails to appear anywhere in the record, we cannot review the question of its constitutionality. It is not before us for consideration.

The remaining question is whether a city policeman in the jury panel from which the jury is to be selected to try the case is subject to challenge for cause, Code 1940, Title 30, § 55(6), where the City, as here, is plaintiff in the prosecution for the violation of its ordinance. He undoubtedly is subject to peremptory challenge.

"Impartiality, freedom from bias or prejudice, capacity without fear, favor, or affection, a true deliverance to make between the accused and the State, the law demands as the qualification of a juror; and it is as essential, as the impartiality of a judge. Relationship within certain degrees, whether of consanguinity or affinity, is an absolute disqualification. It is not only such relationship, but temporary relations, formed in the course of business, or in the intercourse of life, which may disqualify, whenever they may import a just belief of a want of impartiality—that a juror can not stand indifferent, either from interest, or from the favor springing out of the relation." Brazleton v. State, 66 Ala. 96.

The specific question seems to have been decided in City of Birmingham v. Gordon, 167 Ala. 334, 52 So. 430, where it was held that "In an action against a city for injuries to a traveler caused by a defective sidewalk, a policeman employed by the city is subject to peremptory challenge as for implied bias." Headnote No. 4.

The fact of bias or interest in the case at bar is even more clearly implied than in the Gordon case. For here is a criminal (quasi) prosecution for the violation of an ordinance which (among others) the juror-policeman was under duty to enforce as an employee and officer of his

principal, the City of Birmingham. Analogous, supporting authorities are Louis Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 689, 91 So. 779; Southern R. Co. v. Milan, 29 Ala.App. 590, 199 So. 708, 711; Citizens' L., H. & P. Co. v. Lee, 182 Ala. 561, 62 So. 199; Louisville & N. R. Co. v. Cook, 168 Ala. 592, 598, 53 So. 190; 31 Am.Jur., § 168, p. 679; 35 C.J. 322, § 338; Jackson v. Board of Mayor and Aldermen, etc., 146 Miss. 696, 111 So. 828.

It is our conclusion that error prevailed in the action of the court in overruling the appellant's challenge for cause of the juror mentioned. For this error, a reversal is ordered.

Reversed and remanded.

## On Rehearing.

True, the suit was initiated in the recorder's court before the present Code became effective. But this does not alter the conclusion that the court could not take judicial notice of the questioned ordinance when the case was tried in the circuit court, after the effective date of said Code.

The proposition here of judicial notice relates to a rule of evidence. And, while Section 9, supra, stays application of the 1940 Code in certain instances, it expressly authorizes it to apply "to changes in forms of remedy or defense, *to rules of evidence,*" and "to provisions authorizing amendments of process, proceedings or pleadings in civil causes." Western Ry. of Alabama v. Hart, 160 Ala. 599, 611, 49 So. 371.

The first clause of the Section does provide that the present Code shall not affect any *"prosecution* now commenced, or which shall be hereafter commenced, for any offense already committed." But, other obvious reasons aside, this clause is not instantly applicable because "prosecution", as there used, has been held not to apply to quasi criminal cases for the violation of municipal ordinances. City of Birmingham v. Baranco, 4 Ala.App. 279, 283, 58 So. 944; Barton v. Gadsden, 79 Ala. 495.

The argument of appellee is also inapposite that the recent decision of this court in R. L. Payne v. City of Birmingham, ante, p. 559, 10 So.2d 36, is controlling to require an opposite conclusion.

The facts in the two cases are quite dissimilar. In the Payne case all proceedings,

including the trial in the circuit court, transpired before the effectiveness of the 1940 Code. Hence the holding there that the law relating to the pertaining ordinances was governed by the status existing before the sections of the new Code became operative.

The application must be overruled.

Rehearing denied.