52 So.2d 398

## LIGHTFOOT v. CITY OF BIRMINGHAM.
### 6 Div. 134.

Court of Appeals of Alabama.
May 1, 1951.

[1] 255 Ala. 238.

Chas. H. Brown and J. Reese Johnston,. Jr., Birmingham, for appellee.

Gibson & Hewitt, Birmingham, for appellant.

CARR, Presiding Judge.

The accused was convicted in the circuit court on a charge of possessing lottery tickets in violation of Section 600 of the General City Code of Birmingham, Alabama.

This ordinance was held to be constitutional in Fiorella v. City of Birmingham,. 35 Ala.App. 384, 48 So.2d 761, certiorari denied 254 Ala. 515, 48 So.2d 768.

The jury by its verdict fixed the punishment at a fine and jail sentence.

It seems to be now well settled that in cases of this nature the power is in the trial judge and not the jury to impose punishment in addition to a fine. Nix v. City of Andalusia, 21 Ala.App. 439, 109 So. 182;. Johnson v. City of Jasper, 35 Ala.App. 82,. 43 So.2d 843.

In the case at bar the trial judge proceeded to sentence the defendant to perform hard labor for the City to pay the fine and cost and further ordered that the defendant be imprisoned in the City jail for a term of sixty days as additional punishment.

The part of the jury verdict adding the jail sentence may be treated by the

lower court as surplusage, and he may proceed to fix the punishment as the law requires. Nix v. City of Andalusia, supra; Genie v. State, Ala., 39 So. 573; Taylor v. State, 114 Ala. 20, 21 So. 947.

It is true that the trial judge erroneously charged the jury that it might impose the additional sentence, but no exceptions were reserved to this instruction. Therefore, a review of this matter is foreclosed.

Two of the prospective jurors were employees of the City of Birmingham, one a fireman and the other a garbage inspector. This relationship was made known to the court, and appellant's attorney challenged each of these persons for cause. The trial judge overruled the challenge, and the two employees remained on the available list from which the jury was selected.

The rule, stated in general terms, is that an employee is incompetent to serve as a juror in a cause involving the interest of his employer, and for this reason is subject to challenge for cause. Kendrick v. Birmingham Southern R. Co., 254 Ala. 313, 48 So.2d 320; Louisville & N. R. Co. v. Cook, 168 Ala. 592, 53 So. 190; Louis Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 689, 91 So. 779.

The case of City of Birmingham v. Gordon, 167 Ala. 334, 52 So. 430, 431, was an action for damages against the City for a defective street. The Supreme Court held: "The proposed juror, Mingea, was shown to be a policeman of the defendant city—an officer of the municipality—who might be liable or interested in the suit, and he was therefore subject to challenge for cause on this account."

This authority was cited with approval by this court in Shapiro v. City of Birmingham, 30 Ala.App. 563, 10 So.2d 38. We there held that a policeman of the City was subject to challenge for cause in a prosecution for the violation of an ordinance of said City.

It is true that in the Shapiro case the court emphasized the fact that a duty is imposed on a policeman to enforce the ordinances of the municipality for which he works. The decision did not hinge the

conclusion on this mere fact, otherwise the Gordon case would not have had any authoritative value.

Unquestionably, on the basis of the authorities, we must charge error in the action in the matter of instant concern. See also, 31 Am.Jur., sec. 139, p. 663; Washington v. City of Seattle, 170 Wash. 371, 16 P.2d 597, 86 A.L.R. 113; 50 C.J.S., Juries, § 221, p. 960.

There are other presented questions, but they will not likely reoccur in the event of another trial.

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.