BOWEN, Judge,
dissenting.
The majority states that a municipal employee is subject to challenge for cause as a juror to try a case in which the prosecution is based on a violation of an ordinance of that municipality. Lightfoot v. City of Birmingham, 36 Ala.App. 77, 52 So.2d 398 (1951), Shapiro v. City of Birmingham, 30 Ala.App. 563, 10 So.2d 38 (1942), but that bias would not be implied of a state employee in a prosecution involving a violation of the criminal law of the State. Thigpen v. State, 355 So.2d 392, 398 (Ala.Cr.App.), affirmed, 355 So.2d 400 (Ala.1977), McAdory v. State, 37 Ala.App. 349, 68 So.2d 68 (1953). I see no valid distinction justifying the differentiation.
“Government” or “public” employees should be distinguished from “private” employees.
“Generally, on the basis of interest, the relation of employer and employee or master and servant between a party to an action and a prospective juror is sufficient ground for a challenge for cause.”
if: % ¡k sfc ¡J:
“Government employees are not disqualified per se for jury service even in a case where the government is a party, regardless of whether the case is civil or criminal.”
47 Am.Jur.2d, Jury §§ 326, 327 (1969). If a city employee is subject to a challenge for cause in a case involving a criminal violation of a municipal ordinance, so should a state employee be subject to a challenge for cause in a case involving a violation of the criminal laws of the State.
I find no fault with Shapiro, supra, where a city police officer was subject to challenge for cause in a prosecution for the violation of a city ordinance. However, there the challenge for cause was proper not only because the officer was an employee of the city or only because he was a policeman, Brackin v. State, 31 Ala.App. 228, 14 So.2d 383 (1943), Annot. 72 A.L.R.3d 895 (1976), but the challenge for cause should have been granted due to the nature of the officer’s employment with the city and the type of case involved.
Here the prosecution was for selling an alcoholic beverage without a license. The challenged venireman was a clerk in the city engineering department. I do not think that this particular relationship in and of itself could be said, as a matter of law, to give rise to an implied bias on the part of the juror. Consequently, I do not think that the trial judge abused his discretion in refusing to grant the defendant’s challenge for cause.
With high respect for the opinions of my learned brothers, yet for the reasons stated, I dissent.